SUSAN HUGHES, ADM'R OF JOSEPH STRINGFELLOW, v. FANNIE DELANEY.

1. TRUST—MISTAKE.—Parol evidence is admissible to correct mistakes in written instruments so as to conform them to the intention of the parties; and the doctrine of trusts, as applicable to deeds obtained by fraud or without consideration, is fully recognized by repeated decisions of the court.

2. SAME—EVIDENCE.—See facts held insufficient evidence of mistake.

APPEAL from Brazoria. Tried below before the Hon. A. P. McCormick.

The facts are stated in the opinion.

*Thomas G. Masterson,* for appellant, cited Neill v. Keese, 5 Tex., 30; Hodges v. Johnson, 15 Tex., 573; Hall v. Layton, 16 Tex., 275; Law v. Merrills, 6 Wend., 268; Malin v. Malin, 1 Wend., 652.

*A. S. Lathrop & M. W. Lathrop,* for appellee.

*Eugene Wilson,* also for appellee.

REEVES, ASSOCIATE JUSTICE——The appellee, who was plaintiff in the District Court, claims an undivided one-half interest in a tract of one hundred acres of land, which she alleges in her petition was purchased by her husband in his lifetime of M. S. Munson and George P. Munson; that her husband, upon making the purchase, instructed the Munsons to make a deed for one-half of the tract to her and the other half to Joseph Stringfellow, appellant's intestate; that the Munsons, instead of making the deeds as directed and according to the agreement of the parties, by inadvertence and mistake conveyed the entire tract to Joseph Stringfellow. She charges that Joseph Stringfellow, as soon as his father, Chesley Stringfellow, died, set up an exclusive claim to the whole tract, and denied her right to any part of it.

By an amended petition, the plaintiff alleged that her husband, Chesley Stringfellow, at the time of his purchase, paid M. S. and George P. Munson a valuable and full consideration for the land, and charged Joseph Stringfellow with fraud, in obtaining the deed to himself for the whole tract, and that he held one-half of it in trust for her.

It is recited in the deed from George P. Munson and M. S. Munson to Joseph Stringfellow, and which was read in evidence by the plaintiff in the court below, that the consideration for the tract of one hundred acres mentioned in the deed and in plaintiff's petition was paid by Joseph Stringfellow. The consideration, as stated in the deed, was the relinquishment by Joseph Stringfellow to the Munsons of a lease of part of the Munson " home tract known as the Oakland Place," with all the property mentioned in the lease, and also admitting full satisfaction for all work done and money expended on the place.

It appears from the evidence that the Munsons leased to Joseph Stringfellow, and not to his father, Chesley Stringfellow, the premises described in the deed. This was clearly shown by the evidence of G. P. Munson on the trial. It was shown that Joseph Stringfellow and his father and family

moved to the place soon after the lease, and after remaining there some time—how long the witness does not say—he heard Chesley Stringfellow say, in the presence of Joseph Stringfellow, that he had bought out Joseph's interest in the lease; and soon after Joseph left the place. At the instance of G. P. Munson, who, it would seem, was not willing that Joseph should leave the premises, he, Joseph, returned to the place, and soon thereafter Munson purchased the lease, and both Chesley and Joseph Stringfellow moved off the land, the former immediately and the latter in the course of two or three weeks. The same witness states that the transaction about the purchase of the land was with Chesley Stringfellow, but in the presence of his son Joseph. It was not proved, as averred in the petition, that Chesley Stringfellow purchased the land and paid for it; but, on the contrary, it appeared that Joseph Stringfellow paid the consideration, which, as explained by the witness, was the canceling of the lease of the plantation, and which had been made to Joseph Stringfellow by the Munsons. Whilst it was shown on the trial that Chesley Stringfellow instructed Munson to convey one-half of the land to his wife, the plaintiff, and the other half to his son Joseph, the defendant, no clear and satisfactory reason was shown why it might not have been corrected by Chesley Stringfellow, if in fact he had paid the consideration, as it was charged in the petition he had done. The deed was executed in the presence of Chesley Stringfellow, and was signed by Joseph Stringfellow and the Munsons, showing that Joseph, and not his father, was regarded and treated by the others as the interested party. There was no evidence that the Munsons acted through inadvertence or mistake in making .the conveyance to Joseph Stringfellow alone, or that the latter procured it to be done by fraud, as charged by the plaintiff. The plaintiff introduced but one witness on the trial.

The defendant proved by Thomas G. Masterson that he was attorney of both Chesley and Joseph Stringfellow, and

that he believed he wrote the deed from the Munsons to Joseph Stringfellow, and that he knew that Joseph did not wish to surrender his lease, but that he did so at the earnest request of Chesley Stringfellow. This witness further states that Chesley Stringfellow was present at the signing of the deed and made no objection, and that he did not claim any interest in the land at the time the deed was executed.

We are of the opinion that the evidence to support the allegations of the petition failed to show with sufficient certainty and clearness that Joseph Stringfellow took the land in trust for himself and the plaintiff, as alleged in the petition, and the motion for a new trial should have been sustained. (Neill *v.* Keese 5 Tex., 23; Hall *v.* Layton, 16 Tex., 263.)

The rule in equity as to the admission of parol evidence for the correction of mistakes in written instruments, so as to conform to the intention of the parties and the doctrine of trusts as applicable to deeds obtained by fraud or without consideration, is fully recognized by repeated decisions of this court. (Mead *v.* Randolph, 8 Tex., 191; McClenny *v.* Floyd's Adm'r, 10 Tex., 159; Dunham *v.* Chatham and Wife, 21 Tex., 231, and other cases.)

On another trial the plaintiff may be able to establish her claim and show that she is entitled to an interest in the land in controversy.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.