## No. 2438.

### CHARLOTTE MILLER v. FRANCISCO YTURRIA ET ALS.

1. SEPARATE ACKNOWLEDGMENT — CONVEYANCE OF THE HOMESTEAD.— A wife can not defeat a conveyance of the homestead, or of her separate property, by showing that when her acknowledgment to the deed was taken she did not understand its import, or that the officer did not explain it to her, unless she also shows that these facts were brought to the knowledge of the purchaser.

2. CONDITIONAL SALE.—Property may be conveyed by deed which will be construed as evidencing a conditional sale, and not a mortgage, though the consideration is the payment of a debt due from the vendor, with a condition for re-purchase by paying the amount of the original debt and interest within a designated time. This occurs when it is intended and stipulated that the debt is paid by the conveyance. If the deed was intended merely as a security for the debt, it would be regarded as evidenc-

ing a mortgage. If the deed recites in terms that the sale is conditional, the burden of proof is upon one who seeks to have it construed as a mortgage, and to recover he must so establish it with clearness and certainty.

APPEAL from Cameron. Tried below before the Hon. John C. Russell.

*Mason & Celaya*, for appellants: That the impression made on the mind of a married woman by the officer who takes her separate acknowledgement, and her action in signing instruments in writing which take from her her homestead, is based upon the explanation of said instruments to her by said officer, is a material part of the immediate transaction and should go to the jury in evidence, they cited Sampson & Keene v. Williamson and wife, 6 Texas, 102; Davis v. Brewster, 59 Texas, 93; Loving v. Milliken, 59 Texas, 423; Hardie v. Campbell and wife, 63 Texas, 292; Ramey et al v. Allison et al., 64 Texas, 697; Ruffier v. Womack, 30 Texas, 332.

That the deed evidenced a mortgage, they cited same as under preceding proposition; 1 Jones on Mortgages, section 264; Stampers v. Johnson, 3 Texas, 1; Carter v. Carter, 5 Texas, 93; Stephens v. Sherrod, 6 Texas, 294; Ruffier v. Womack 30 Texas, 332.

No briefs on file for the appellee.

GAINES, ASSOCIATE JUSTICE. This suit was brought by appellees to recover of appellant certain lots in the city of Brownsville, upon which is situated a building known as the "Miller hotel." The lots belonged to the community estate of appellant and of her husband, who died in 1883, and were claimed to be the homestead of the family. Miller and wife had occupied them since 1861. In March, 1880, Miller was indebted to appellees separately as follows: To appellee Kennedy in the sum of two thousand three hundred and forty-one dollars and four cents, principal, besides interest, evidenced by a judgment of the district court of Cameron county, rendered in March, 1870; to Yturria, by a judgment in the same court dated June, 1872, for four thousand eight hundred and seventy-two dollars and eighty eight cents and the interest thereon, which judgment decreed a foreclosure of a lien upon the property in controversy; and to appellee Werbiski in the sum of two thousand seven hundred

and twenty-five dollars and thirty-three cents and interest, evidenced by judgment of the same court against Henry Miller and appellee Charlotte Miller, which amount was also adjudged to be a lien upon the lots now sued for. The amount of the debt of appellee Sander is not directly shown, but it is presumed that he also had a judgment. On the ninth of March, 1880, Yturria and Werbiski had suits pending to recover their respective judgments. Yturria had leased to Miller the furniture in the hotel, but the lease having terminated, he demanded possession of it. On the day last named, as a result of negotiations which had been carried on between the parties for several days, Miller and wife executed a deed to appellees to the property in controversy for the consideration expressed of fourteen thousand two hundred and twenty-eight dollars and sixty-two cents, and at the same time appellees executed an agreement to Miller and wife reciting that the consideration of the deed was the original principal of their debts and the additional sums of one thousand five hundred paid in cash, and of nine hundred and twenty-two dollars and sixty-two cents, the value of the furniture, which presumably belonged to Yturria. The agreement stipulated that the grantors should have the right to re-purchase the property at any time within six years by paying the consideration expressed in the deed, with the interest thereon, and all taxes paid upon the property by the grantees. The agreement expressly stated that it was a conditional sale, and not a mortgage. The six years having elapsed, and the purchase money, interest and taxes not having been paid, and Henry Miller having in the mean time died, appellees brought this suit (which is an action of trespass to try title) for the recovery of the property, and obtained a verdict and judgment in the court below.

Appellant's defense was that the transaction was a mortgage merely for the security of the debts, and not a conditional sale; and that the property was her homestead at the time the instruments were executed, and that therefore appellees had no claim against it.

Upon the trial the court admitted, over the objection of appellant, the original judgments of Yturria, Kennedy and Werbiski, the record of the subsequent proceedings to revive those of Yturria and Kennedy, and the orders of the court showing a voluntary dismissal of those suits on the twelfth day of March, 1880. The first five assignments of error are to the action of the court in admitting these records and may be considered together.

Appellant had specially answered, claiming that the deed and agreement were not a conditional sale as it purported to be, but a mortgage; and in our opinion the evidence was admissible for the purpose of proving that they had debts as stated in the agreement, and that they had in the transaction remitted large sums due as interest, and also of showing by the dismissal of the suits their understanding that the debts were extinguished in the settlement.   The records were calculated to throw light upon the transaction, and not to prejudice the rights of the defendant.

The defendant offered to testify, that when she acknowledged the instruments before the county clerk, he gave her to understand that they were a mortgage; and also offered to prove by the clerk, that when he took the acknowledgment he explained to her that "she had the right to redeem her homestead property by paying the amount named in the two instruments and defeat the sale of the property, and that defendant signed the papers with the expression that: 'If I can redeem my property I will sign the papers.'"   The rulings of the court excluding this testimony are the grounds of the sixth and seventh assignments of error.   It is well settled in this court, that the wife can not defeat a conveyance of the homstead or of her separate property, by showing that at the time her acknowledgment was taken she did not understand its import, or that the officer did not properly explain it to her, unless she also show that these facts were brought to the knowledge of the grantee.   (Moore v. Moore, 59 Texas, 54; Pierce v. Fort, 60 Texas, 464; Edwards v. Dismukes, 53 Texas, 605; Williams v. Powers, 48 Texas, 141; Pool v. Chase, 46 Texas, 207.)   Hence it was not error to exclude the evidence.

In regard to appellant's eighth assignment of error, we are not prepared to say that the testimony, the admission of which is there complained of, was not objectionable.   It seeems that the witness's knowledge that all the parties understood the transaction, was rather a conclusion from the facts than a fact which could be proved by the mere general statement.   But it also appears from the other testimony that appellees had declined to take a mortgage for the very sufficient reason that the property was a homestead, and that they were willing to agree only either to an absolute or a conditional sale.   There is no evidence tending to show that Henry Miller did not understand the transaction as making a conditional sale.   In view of the very explicit statement in

the agreeement itself, that it was a conditional sale and not a mortgage, it would require clear evidence to the contrary to hold it a mortgage. In regard to Mrs. Miller, it is to be remarked that upon cross examination the witness said he did not know that he had ever talked with her about it. It is probable that if the objection had been renewed after this fact was drawn out, the testimony would have been excluded so far as it purported to show her understanding of the contract. This may not have been done, because counsel may have considered that the jury would give no weight to the evidence as to her, the witness not having conferred with her about the matter. Considering the whole evidence, we can not say the error, if error it was, is sufficient to require a reversal of the judgment.

The ninth assignment is that the court erred in refusing to give the jury the following charge requested by the defendant: "If you believe from the evidence that there was a pre-existing debt due by Henry Miller and this defendant to plaintiffs, or to each one of them respectively, and that the instruments in writing executed by defendant and her husband and the plaintiffs, on the ninth day of March, 1880, was for the purpose of securing said indebtedness to plaintiffs, and that defendant had a right to defeat said sale by payment of a sum or sums of money, agreed upon between plaintiffs and defendant and her husband, then said instrument constituted but a mortgage, and you will find for the defendant." This charge, viewed in its most favorable light, was calculated to mislead the jury. It may be, that if we use the word *defeat* in its technical sense, a conveyance which may be defeated by the payment of a sum of money is but a mortgage. But if so without some further instruction, the jury would doubtless have understood this instruction to require them to find for the defendant, if they found that within six years, the defendant had the right to repay the consideration and hold the property, or to use other words, if they found the transaction a conditional sale.

The special charge, the refusal of which is complained of in the tenth assignment is clearly objectionable. This would have authorized the jury to find for the defendant, if they found that the officer had not fully explained the instrument to her. This doctrine is contrary to the rulings of this court as we have previously shown, and besides there was no testimony to support such a charge. That which was offered, for the purpose of

showing the deed was not correctly explained, had been excluded.

The eleventh assignment which complains of the first paragraph of the general charge, and the twelfth which complains of the third paragraph, are submitted together. In the first the court instructed the jury, that the two instruments signed on the ninth day of March, 1880, the first by Henry Miller and Charlotte Miller, constituted an absolute sale to plaintiffs, and he second a conditional sale to Henry Miller and Charlotte Miller; and in the third paragraph it charged "That if the jury find that the two instruments constitute, the first an absolute sale, and the second a conditional sale, and that the conditional sale had not been complied with, they would find for plaintiffs."

It is now insisted that these two instructions took the case from the jury and left nothing for them to consider. This is true if they stood alone. These are, however, but the predicate for a full and elaborate charge upon the law of the case. These two instruments in controversy showed upon their face a conditional sale, if property can be sold in payment of a debt, with a condition for a repurchase by paying the debt and the interest, within some specified time. This last proposition can not be doubted. (Ruffier v. Womack, 30 Texas, 332; Harvey v. Edens, ante, 420; Holly v. Horris, 3 S. W. Rep., 558; s. c., 68 Texas, 91.) A conveyance, however, which purports to be a sale either absolute or conditional, may be shown to' be a mortgage by proving that it was intended merely as a security for a debt. It was the duty of the court to construe the instruments in the first instance and instruct the jury as to their effect, and then to charge them what was necessary to be proved in order to show the conveyance to be but a mortgage. This the court did. The charge, as a whole, is full, clear and concise, |and distinctly presented the issues made by the pleading and evidence.

At the request of plaintiffs, the court charged the jury " that the burden of proof to establish that the documents in evidence constitute a mortgage, is upon defendant, and she is required to establish the same as a mortgage by clear and convincing proof, and if you are not satisfied by such evidence that the same is a mortgage, and not a conditional sale, you will find for plaintiff." The giving of this charge is also assigned as error. It has been held by this court that, in order to establish that an absolute deed is intended as a mortgage, it must be proved with clearness and certainty (Moreland v. Barnhart, 44 Texas, 275; Markham

v. Carothers, 47 Texas, 22; Cuney v. Duprey, 21 Texas, 218; Grooms v. Rust, 27 Texas, 231; Hughes v. Delaney, 44 Texas, 529; Dean v. Lyons, 47 Texas, 18; Pierce v. Fort, 60 Texas, 464); and we think this rule applies also to an instrument which clearly shows upon its face a conditional sale. But the propriety of giving this rule in a charge to the jury is not so well established. In Prather v. Wilkins, 4 Southwestern Reporter, 252, the court was held to have erred in instructing the jury that it must have been clearly shown that the conveyance in question in that case was intended as a mortgage in order to find it such; but that decision is placed upon the ground that the instrument was not set forth in the record, and hence this court did not know whether it appeared upon its face an absolute deed or not. The expression "clear and convincing proof" is a very strong one; and if the evidence had left a proper determination of the case less certain, we might hold it reversible error. But here the agreement clearly expresses the intent of the parties. There is no evidence that the husband, who made the negotiation, understood it to be other than it purports to be. It provides for an extinguishment of the judgments as soon as it was filed for record. There was a sum of one thousand five hundred dollars paid in cash, and furniture estimated at about nine hundred dollars transferred to the grantees. The principal and interest of the debts extinguished in the transaction were in part the true consideration of the deed, and amounted to a sum largely in excess of that shown on its face, which embraced the principal only; and hence the transaction virtually included an agreement for a re-purchase, by a payment of the amount of the principal of the debts, the cash paid and the value of the furniture transferred.

The only testimony which tends to show that the agreement was a mortgage is that of the defendant herself. She says that Yturria told her if they could pay the amount within six years, they could do so. This is not inconsistent with the face of the agreement, and does not show a mortgage. She, it is true, calls the instrument a mortgage; but this was evidently her own conclusion. She does not testify that the antecedent debts were not fully extinguished; and the fact of the continued existence of a debt to be secured, is held to be the true test of a mortgage. (Harvey v. Edens, supra; Ruffier v. Womack, supra; Alston v. Cundiff, 52 Texas, 453; Calhoun v. Lumpkin, 60 Texas, 185.) Appellees testified that the debts were discharged; the agreement so provides; and immediately after the consummation of

the transaction, appellees dismissed their suits. They paid from that time all taxes on the property, and Miller paid none except a part of those which had been previously assessed against him, and this amount was refunded to him by appellees. Such being the evidence, if the jury had found for the defendant, the judgment should have been set aside. The charge was correct as a proposition of law. It may not be proper to give such an instruction in every case of this character; but, in order to work a reversal on account of it, the evidence should be such as to manifest clearly that the jury may have been misled by it. Such is not the evidence in the record before us.

The fourteenth assignment is too general to call for our consideration.

The judgment is affirmed.

*Affirmed.*

Opinion delivered January 27, 1888.