### JOHN ELLIS ET AL. v. E. L. LEHMAN ET AL.

Decided December 21, 1907.

**1.—Married Woman—Acknowledgment—Conclusive, when.**

A certificate of acknowledgment of a married woman is conclusive of the facts therein stated unless fraud or imposition is alleged and proved in which the grantee participated or had knowledge of.

**2.—Deed—Consideration—Parol Proof.**

The true consideration for a deed may always be shown by parol, even though the deed be executed by a married woman.

Error from the District Court of Grayson County. Tried below before Hon. B. L. Jones.

*T. L. Brame* and *J. W. Finley,* for plaintiffs in error.—The deed from plaintiffs to Mrs. Lehman was not explained to the wife, Mrs. Ellis, by the notary, did not express the true consideration, or any but a nominal consideration; she thought it was a lien; it was void and passed no title. Constitutions of 1845, 1861 and 1866, art. 7, sec. 22; Const. 1869, art. 12, sec. 15; Const. 1876, art. 16, secs. 50 and 52; Rev. Stats., arts. 635, 636, 4618 and 4621; Norton v. Davis, 83 Texas, 36; Johnson v. Taylor, 60 Texas, 369; Langton v. Marshall, 59 Texas, 296; Johnson v. Bryan, 62 Texas, 624; Ruleman v. Pritchett, 56 Texas, 485; Moores v. Linney, 2 Texas Civ. App., 295.

It was void because it did not express the true consideration or any consideration. The deed stated a consideration of $1, the consideration proved was $107.50. Speer's Law of Married Women, sec. 98; Hayden v. Moffatt, 74 Texas, 649; 22 Texas Civ. App., 607; Cole v. Bammel, 62 Texas, 108; Stallings v. Hullum, 79 Texas, 421; 89 Texas, 431; Blum v. Light, 81 Texas, 414; Gatewood v. Scurlock, 2 Texas Civ. App., 98; Burham v. McMichael, 6 Texas Civ. App., 496.

It was void because, the consideration stated being only nominal, it did not appear to be a sale but a gift, and there can be no gift of the homestead. Everett v. Texas Mexican Ry., 67 Texas, 430; Berry v. Donley, 26 Texas, 745; Wadkins v. Watson, 86 Texas, 194; Paschal's Dig., art. 1003; Burgess v. Hargrove, 64 Texas, 115, 117; Huff v. Crawford, 88 Texas, 374; Angier v. Coward, 79 Texas, 555.

There was no claim that Mrs. Lehman was an innocent purchaser, and she could not be an innocent purchaser, because the consideration stated in the deed was only nominal; and because the real consideration was different from that stated in the deed. Illies v. Frerichs, 11 Texas Civ. App., 575, 578; Texas & Pac. Ry. v. Durrett, 57 Texas, 48; Caruth v. Grigsby, 57 Texas, 259; Whitaker v. Farris, 17 Texas Ct. Rep., 1010.

*Hamp P. Abney,* for defendants in error.—Neither the wife nor her husband can defeat a conveyance of the homestead or the separate property of the wife by showing that at the time her acknowledgment was taken she did not understand its import, or that the officer did not properly explain it to her, unless she also shows that these facts were brought to the knowledge of the grantee. Atkinson v. Reed, 49 S. W. Rep., 260; Herring v. White, 6 Texas Civ. App., 251.

RAINEY, CHIEF JUSTICE.—This is an action of trespass to try title to a lot of land brought by John Ellis and wife against E. L. Lehman and wife. A trial was had before the court without a jury, which resulted in a judgment for Lehman and wife.

We adopt the trial court's findings of fact, which are supported by the evidence, to wit:

1. That the land in controversy was deeded by H. N. Tuck and W. M. Scott, trustees, to John Ellis, plaintiff, on October 30, 1901, and recorded in vol. 140, at page 527, deed records of Grayson County, Texas, transferred the title to the land in controversy to plaintiff, John Ellis, and that such deed of transfer is the common source of title under which all of the parties hereto claim.

2. That at the time plaintiff purchased the land in controversy there were no improvements on said land, but that shortly thereafter the improvements that are on the land today were placed on said land and that plaintiff and his wife moved on said land and occupied for a short time same as their homestead and at the time of these transactions it was their homestead.

3. That the cost of the improvements so placed on said land was, as to the major part thereof, paid for by defendant E. L. Lehman, under a verbal contract with the said John Ellis, by which the said Lehman was to be reimbursed. A small part of the value of the improvements was paid for by the plaintiff Ellis.

4. That there arose a disagreement between the parties and that on the evening of the 21st of January, 1902, the plaintiff John Ellis and his wife agreed with the defendant, E. L. Lehman, and his wife, that the property should be deeded to Mrs. E. L. Lehman in consideration of said E. L. Lehman paying to plaintiff the amount he had expended for the lot and in placing the improvements thereon and that this agreement was thoroughly understood by all the parties to this suit and also by plaintiff's wife.

5. That the instrument dated January 22, 1902, and recorded in volume 143, at page 329, is a general warranty deed duly executed by plaintiff, John Ellis and his wife, Minnie Ellis, and conveyed the title of the land in controversy to Mrs. E. L. Lehman, and that said deed was executed in furtherance of the agreement mentioned in paragraph 4 of these findings; and that the said E. L. Lehman paid to the said John Ellis the amount he had expended in placing the improvements on said property and the amount he had paid the said Tuck and Scott for said land.

6. Mrs. Ellis is a daughter of defendants.

The controversy arises over the validity of a deed executed by Ellis and wife to Mrs. E. L. Lehman, conveying lot 12, block 24, College Park Addition to Sherman, Grayson County, Texas. The contention of Ellis and wife is that the officer taking the acknowledgment of Mrs. Ellis did not explain the deed to her, that the deed did not express the true consideration, or any but a nominal consideration, that she thought it was a lien, and that it was void and passed no title. The conveyance was an ordinary warranty deed on its face, the consideration expressed was $1 and the privy acknowledgment of Mrs. Ellis was legal in form. No fraud was perpetrated upon Mrs. Ellis by the grantee, nor was it shown that Mrs. Lehman or husband were present at the taking of Mrs. Ellis' acknowledgment or knew anything about the manner of its taking. Under these circumstances the certificate of the officer was conclusive. "No doctrine is better settled in this State than the proposition that a certificate of acknowledgment is conclusive of the facts therein stated,

unless fraud or imposition is alleged and in which the grantee participated or had knowledge." Herring v. White, 6 Texas Civ. App., 249; Atkinson v. Reed, 49 S. W. Rep., 260; Miller v. Yturria, 69 Texas, 549.

The contention that the deed was intended as a mortgage can not be sustained. On this point the evidence conflicts, but there is sufficient evidence to sustain the court's finding that the deed was intended as an absolute conveyance of the title.

Appellants contend that the deed is void because it did not express the true consideration, or any consideration. The consideration expressed in the deed was $1. The consideration for a conveyance can be shown by parol. The evidence shows that a valuable consideration was paid for the lot, and neither Ellis nor his wife testified that they did not receive a valuable consideration or a different consideration than that shown to have been paid by the Lehmans.

The evidence warrants the conclusion that Mrs. Ellis understood the consideration she was to receive, that she did receive it, and that there is no merit in this contention. The judgment is affirmed.

*Affirmed.*

Writ of error refused.