**GARTMAN v. BRANNON et al. (No. 1705.)***

(Court of Civil Appeals of Texas. El Paso.
Feb. 26, 1925. Rehearing Denied
March 26, 1925.)

1. Mortgages ⬤=6 — Deed delivered under promise of resale is "mortgage," if creating and continuing relation of debtor and creditor; otherwise, it is "conditional sale."

Deed delivered under promise of resale is "mortgage," if creating and continuing relation of debtor and creditor; otherwise, it is "conditional sale."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conditional Sale; Mortgage.]

2. Mortgages ⬤=33(5)—Deed held to evidence sale of land, and not a mortgage.

Absolute deed, delivered by grantors with understanding that grantee would pay grantor's obligations with the consideration stated in deed, all of which was. done, held to evidence sale, and not mortgage, notwithstanding grantee's promise to resell property to grantors.

Appeal from District Court, Comanche County; J. R. McClellan, Judge.

Trespass to try title by L. J. Gartman against A. O. Brannon and others. From an adverse judgment, plaintiff appeals. Reversed and rendered.

G. E. Smith, of Comanche, and E. P. Woodruff, of Brownwood, for appellant.

·Callaway & Callaway, of ,Comanche, for appellees.

WALTHALL, J. L. J. Gartman, appellant, brought this suit in the form of trespass to try title to 213 acres of land in Comanche county against A. O. Brannon and wife, Ola M. Brannon, and in the suit impleaded W. B. Brannon on his covenant of warranty. At the beginning of the transaction here involved, W. B. Brannon, the father of A. O. Brannon, had the title to the land involved, and all of the appellees joined in a deed, in the form of a general warranty deed, conveying the land in controversy to L. J. Gartman; the conveyance expressing a consideration of $8,520 cash in hand paid. Gartman dismissed as to W. B. Brannon, and the case went to trial as between Gartman and A. O. Brannon's wife, Ola M. Brannon.

Brannon and wife answered by pleas of not guilty, general denial, and specially set up ownership in themselves of the land in controversy; that it was their homestead, used and occupied by them as such for many years prior to the conveyance to Gartman; that at the time of the conveyance of the land to Gartman, appellees, Brannon and wife, were indebted on notes not owned, but held, by Gartman, in the aggregate sum of about $5,500, and were indebted to W. B. Brannon for notes and money in an amount aggregating about $3,000, all of which amounts were long past due.

Appellees then allege, in effect, that Gartman proposed to them that they deed the land to him for the purpose of enabling him to take up their overdue obligations; that he had the money, and could carry them as long as they wanted him to carry them, and that by doing so it would enable them to sell other property and apply the proceeds to the debt to Gartman; that Gartman promised and pledged himself to reconvey the 213 acres of land to them and let them execute notes to him, which notes Gartman claimed he could handle; that the conveyance by them to Gartman of the land in controversy was made for the purpose of fixing a lien on said land to secure Gartman in the payment of said indebtedness, and was not intended as a bona fide sale of the land, all of which was thoroughly discussed and understood by all the parties to the transaction.

The pleadings and the uncontroverted evidence show that Gartman did not himself own any of the notes or obligations of appellees, and that on the execution and delivery of the deed in general warranty form, without any reservations to him, by appellees and W. B. Brannon, Gartman advanced the money and discharged all of the indebtedness, to the amount of $8,520, the consideration expressed in the deed.

The case was tried to a jury, and submitted upon the one issue, that, if the jury should find that it was intended by Gartman and the Brannons "to pass the title to the land in question to the plaintiff by the execution and delivery of the deed in question, and that there was no agreement or understanding between the parties that the said land was to be thereafter reconveyed by the plaintiff to the defendants," their verdict should be for the plaintiff, and submitted the converse of the proposition, that if the jury should find that it was the understanding of the parties that title was not to be passed to Gartman, but that it should thereafter be reconveyed by Gartman to the Brannons, their verdict would be for the defendants. The jury found for the Brannons upon the issue submitted and the judgment was· so rendered.

## Opinion.

Appellant presents a number of assignments and propositions thereunder, but we have concluded that the only question we need to consider is whether, under the undisputed.facts presented by the evidence and the fact found by the jury, the deed executed and delivered by appellees to appellant constitute a mortgage or a conditional sale. The deed was an absolute conveyance of the land upon its face, and was duly acknowledged by appellees. The land conveyed was the home-

stead of appellees at the time of the conveyance, and was then occupied by appellees as their homestead. We need not recite the evidence on the issue submitted by the court to the jury, and upon which the jury found that there was an agreement or understanding that Gartman would thereafter reconvey the land to the appellees. We assume the fact to be as found by the jury. Without quoting the evidence in detail, it shows that Gartman, at the time of the execution of the deed, and with the full knowledge, consent, and at the instance of appellees, paid all of the outstanding obligations of appellees, amounting to the sum of $8,520, the consideration expressed in the deed, except $320, which amount he paid to Mrs. Brannon. As Mrs. Brannon testified:

"That was all of the indebtedness I believe we were owing at the time we sold out that Gartman held. The deed recites $8,520. The rest of that, after paying off those debts, whatever they were, the rest of that, $320, I believe, it was paid to me. That much was left after taking up all the outstanding indebtedness."

[1] The fact is thus made clear by the evidence of appellee Mrs. Brannon that the old debts then owing by the appellees were paid off by appellant at the time of the conveyance, and a balance of $320 paid to Mrs. Brannon. Different courts have applied different tests in determining whether a transaction evidences a conditional sale or a mortgage. The difference is sometimes shadowy. The test as to whether a conveyance is a mortgage or a conditional sale, as applied in Ruffier v. Womack, 30 Tex. 340, was: Was the old debt surrendered or canceled at the time of the conveyance? As said in Alstin v. Cundiff, 52 Tex. 453 (462), in commenting upon the Ruffier-Womack Case, the true test as laid down in that case is that, if the relation of debtor and creditor continues to exist, it is a mortgage; otherwise, it is a conditional sale.

Miller v. Yturria, 69 Tex. 549 (555), 7 S. W. 206, was a suit brought by appellees to recover lots in the city of Brownsville claimed to be the homestead of the family. Miller and wife were largely indebted to Yturria and others, and after several days of negotiations it resulted in Miller and wife executing a deed to Yturria and others to the property in controversy, reciting the consideration to be the original principal of their debts and an additional sum stated paid in cash. The agreement stipulated that the grantors should have the right to repurchase the property at any time within six years by paying the consideration expressed in the deed, with interest, taxes paid, etc. After the six years had elapsed, appellees sued in trespass to try title to recover the property. The defense was that the transaction was a mortgage for the security of the debts, and not a conditional sale, and that the property was the homestead of the family. There the only evidence tending to show the transaction to be a mortgage was to the effect that, if appellants could pay the amount within six years, they could do so. The evidence showed the original debts were discharged. In that case Judge Gaines said: "The fact of the continued existence of a debt to be secured, is held to be the true test of a mortgage" and referred to Ruffier v. Womack, Alstin v. Cundiff (both supra), and Calhoun v. Lumpkin, 60 Tex. 185, and holding in effect that the transaction evidenced a conditional sale and not a mortgage.

In McCamant v. Roberts, 80 Tex. 316 (322), 15 S. W. 580, Judge Collard says:

"In order to constitute a mortgage, there must be a debt to be secured, and while there may not be an express promise to pay, it must exist and the vendee must have a right to recover the same. Hubby v. Harris, 68 Tex. 95. The relation of creditor and debtor must continue to exist after the execution of the transfer or there is no mortgage. Alstin v. Cundiff, 52 Tex. 453."

It was said in Berryman v. Schumaker, 67 Tex. 312, 3 S. W. 46, that where it is optional with the vendee to avail himself of a condition subsequent, and he does not do so, the instrument will stand as a conveyance.

In Rotan Grocery Co. v. Turner ex ux., 46 Tex. Civ. App. 534, 102 S. W. 932, the Dallas Court of Civil Appeals held that a deed, absolute on its face is not a mortgage, where it is delivered to extinguish a debt and the parties so intended, though the grantee gave a contemporaneous promise to reconvey on being reimbursed an amount equal to the debt discharged and interest thereon, and quotes with approval from Jones on Mortgages, from which we quote in part:

"An absolute deed delivered in payment of a debt is not converted into a mortgage merely because the grantee therein gives a contemporaneous stipulation binding him to reconvey, on being reimbursed within an agreed period, an amount equal to the debt and interest thereon. If the conveyance extinguishes the debt, and the parties so intended, so that a plea of payment would bar an action thereon, the transaction will be held an absolute or conditional sale, notwithstanding. And so, if there was in fact a sale, an agreement by the purchaser to resell the property within a limited time, at the same price, does not convert it into a mortgage. * * * The test, therefore, in cases of this sort, by which to determine whether the conveyance is a sale or a mortgage, is found in the question whether the debt is discharged or not by the conveyance."

We could add many other Texas cases, in effect the same as above.

[2] The undisputed evidence in this case, in fact, the evidence of Mrs. Brannon herself, one of the appellees, brings the case clearly within the rules above stated, evidencing, as

we think, a sale of the property, rather then a mortgage to secure a debt. Here we have an absolute deed delivered by the grantors, with the agreement and understanding between the parties to the transaction that the grantee in the deed should marshal the outstanding past-due admitted obligations of the grantors, and use the consideration stated in the deed, furnished by the grantee, in paying off and discharging such obligations, all of which is admitted to have been done; the only defense suggested in the issues submitted being a promise of the grantee that he would resell the property to the grantors. Such promise, as held by the above authorities, does not have the effect to make the deed a mortgage.

For reasons stated, the case is reversed, and, it appearing that the facts have been fully developed, judgment is here rendered for appellant.