## WRIGHT v. NUNN.

### No. 7650.

Court of Civil Appeals of Texas.  Austin.

Nov. 18, 1931.

Upton & Upton, of San Angelo, for appellant.

J. D. Burns, S. C. Autry, and W. A. Johnson, all of San Angelo, for appellee.

BLAIR, J.

Suit by J. H. Nunn against C. A. Wright in trespass to try title to recover lot 7 of G. W. Ross addition to the city of San Angelo, and on the trial to the court without a jury, judgment was in favor of Nunn for title and possession of the land; hence this appeal.

The controversy arose out of the following facts: On November 8, 1929, Nunn owned 420.5 acres of land in Tom Green county, incumbered wtih certain indebtedness, and Wright owned the house and lot in suit, which he occupied as his homestead, and against which J. W. Allison, Wright's uncle by marriage, held a vendor's lien note for the principal sum of $2,536, which with interest due on the date mentioned aggregated about $2,800. On the date mentioned the parties agreed as follows: Appellee Nunn traded his equity in his 420.5 acres of land to J. W. Allison for the lot in suit, Allison agreeing to execute a release of the vendor's lien note and to satisfy and pay Wright any equity over and above the vendor's lien note he might have in the lot, and Wright agreed to accept the promise of Allison to pay for his said equity, and agreed to convey the lot to Nunn free of all liens. In compliance with this agreement, Wright and his wife executed a warranty deed to the lot in suit to Nunn, reciting a consideration of $3,800 paid in cash by J. H. Nunn, and Wright delivered this deed to Allison, who in turn delivered it to Nunn. Allison executed a release of the vendor's lien to Wright and delivered it to Nunn. Nunn executed and delivered a deed to Allison, conveying the 420.5 acres, reciting as consideration $10 and other valuable consideration and the assumption by Allison of the indebtedness against the land. The above deeds and the release of the vendor's lien were duly recorded by the parties. Insurance policies were duly transferred by Wright to Nunn. These facts are in no way disputed, except Wright claimed that Nunn was to pay him $1,000 for his equity in the house and lot in suit, while Nunn claimed that Allison agreed to pay whatever. equity Wright had in the property, and that Wright agreed to accept Allison's promise to pay him and executed and delivered the deed, but later refused to give possession. Both Nunn and Wright introduced witnesses to substantiate their respective claims in regard to who was to pay for Wright's equity in the lot in suit. Allison was ill at the time of these transactions and was dead when the case was tried.

Appellant Wright contends that since he and his family were in possession of the

homestead, and since the undisputed evidence shows that default has been made by appellee in the payment of the balance due of the purchase price, he cannot be ousted of that possession by this suit in trespass to try title until the purchase price has been fully paid. This proposition assumes that appellee had defaulted in the payment of a part of the purchase price of the land; whereas, appellee's evidence showed that he had paid the entire purchase price he agreed to pay by conveying the 420.5 acres of land to Allison. The consideration moving to Wright was the cancellation of the vendor's lien notes held by Allison, which was done, and the promise of Allison to pay Wright for his equity over and above the vendor's lien indebtedness, which promise of Allison to pay was accepted by Wright and he agreed to and did convey the lot in suit, free of liens to Nunn. Under these facts no implied or equitable vendor's lien would arise in favor of Wright against the lot in suit, even though it be a homestead, for the balance of the unpaid purchase price, because granters conveyed it clear of all liens in consideration of the release of the vendor's lien note and the promise of a third party to whom grantee had paid the full consideration, to pay the balance of the purchase price; and grantors thereby waived all liens, equitable or implied, and they may be ousted of their possession by this suit in trespass to try title. Irvin v. Garner, 50 Tex. 48. Manifestly as between Nunn and Wright the contract to convey the lot in suit was not executory. Nunn had paid Allison the entire consideration for the conveyance. Wright and wife conveyed the property and Nunn owed no part of the consideration, because Wright agreed to accept the promise of Allison to pay him the balance of the consideration due. It was Allison who made default in the payment of the balance due Wright, and the default of Allison, a third party for whose obligation Nunn was in no manner responsible, would not create an equitable or implied lien on the property conveyed by Wright and wife to Nunn free from any liens. Nor would the default of Allison render executory in any sense the contract between Wright and Nunn, whereby Wright agreed to convey Nunn the property in suit free from any liens, and did so convey it. The rule announced in the cases of McPherson v. Johnson, 69 Tex. 484, 6 S. W. 798, and Barker v. Temple Lumber Co. (Tex. Sup.) 37 S.W.(2d) 721, to the effect that a vendee who has not paid the entire purchase price in an executory contract to convey real estate is not entitled to recover the land in a trespass to try title suit so long as any portion of the purchase money is due and unpaid, has no application to the facts in this case, because vendee Nunn did not owe vendors Wright any part of the purchase price for the conveyance, and Wright agreed to convey the property to Nunn free of any liens.

Appellant contends that the deed from himself and wife to Nunn was void because it conveyed the homestead and the acknowledgment of the wife was taken in the hearing and presence of appellant, her husband. The wife's acknowledgment is in regular form and recited that she signed and acknowledged the deed separately and apart from her husband, after the deed had been fully explained to her. There was no allegation or proof of fraud inducing Mrs. Wright to sign the deed. Evidence was introduced showing that while her acknowledgment was taken in the same building where her husband and grantee Nunn were, still it was under conditions which rendered it privy, and neither Nunn nor her husband testified that they could or did hear anything the notary said to her, although appellant testified that he was standing by the desk at the time. Other witnesses testified that appellant was not near his wife, but in another corner of the building, when the deed was acknowledged by her. Mrs. Wright testified that she was "not sure whether Mr. Wright was in hearing distance of me when I signed the deed." In short, the evidence fully sustains the necessary finding and conclusion of the trial judge before whom the case was tried without a jury that the acknowledgment of the wife to the deed was taken in the manner and form prescribed by law, and in support of this conclusion the following cases are cited: Ellis v. Lehman, 48 Tex. Civ. App. 308, 106 S. W. 453; Atkinson v. Reed (Tex. Civ. App.) 49 S. W. 640; Richmond v. Hog Creek Oil Co. (Tex. Civ. App.) 229 S. W. 563; Speer's Marital Rights in Texas, § 234, p. 292.

We find no error in the judgment of the trial court, and it will be affirmed.

Affirmed.