## PATTERSON et al. v. FARMERS' ROYALTY HOLDINGS CO. et al.

### No. 4612.

Court of Civil Appeals of Texas. Texarkana.

Feb. 15, 1935.

Rehearing Denied Feb. 21, 1935.

W. J. Garrett, of Jacksonville, for appellants.

Perkins & Perkins, of Rusk, Dudley, Hyde, Duvall & Dudley, of Oklahoma City, Okl., and Phillips, Trammell, Chizum, Estes & Edwards, of Fort Worth, for appellees.

HALL, Justice.

Appellants brought this suit in the district court of Cherokee county to cancel four instruments in writing, the first denominated employment pooling royalty contract (executed in duplicate), and the other two being mineral deeds, one to G. T. Blankenship and the other to Farmers' Royalty Holding Company. All these instruments are dated August 1, 1931, and affect the mineral estate of appellants in 100 acres of land, their homestead, in said county. Appellants admitted that they signed the original and copy of the pooling contract, but did not acknowledge same. They declared the two mineral deeds forgeries and not acknowledged by either of them. Numerous allegations of fraud were made regarding the procurement of the contract. All said instruments purported to be acknowledged before H. L. Bingham, notary public in and for Cherokee county, Tex., on October 5, 1931. The defendants answered by general demurrer, numerous special exceptions, general denial, and plea of innocent purchaser for value without notice. A trial was had to the court without a jury which resulted in a judgment for the defendants, from which plaintiffs appeal.

Appellants bring forward ten assignments of error in their motion for new trial. Nos. 1 and 2 are to the effect that the judgment of the trial court is not supported by the evidence and is contrary to the law. The other eight are concerned with the failure of the notary, H. L. Bingham, to properly perform his duty as such notary in taking the acknowledgment of both plaintiffs.

In our judgment, none of these assignments present error. The evidence is clear that the notary public went to the home of the appellants with the instruments, for the sole purpose, he states, of taking the acknowledgments of appellants to the four instruments. The evidence is conflicting as to whether he actually complied in every particular with the statutes of this state regarding the taking of acknowledgments of either the husband

or the wife. The evidence is also conflicting as to whether the appellants signed the mineral deed; appellants contending they did not, and the appellees and their witnesses testifying that they did. Upon this conflicting testimony the trial court found for the appellees, and the judgment rendered by said court, among other things, contains the following recital: "Thereupon the parties introduced their respective evidence and the court, after hearing same and reviewing the records and files in the case, finds generally in favor of defendants, and each of them, and against plaintiffs, and that the pooling contract and mineral deeds in controversy are genuine and valid conveyances, properly executed, acknowledged and delivered for value."

■ Where the court's finding is general, every issuable fact must be considered found in the prevailing party's favor, if there is any evidence to support the finding. In the case of Republic Reciprocal Ass'n v. Ewing (Tex. Civ. App.) 27 S.W.(2d) 270, writ of error denied, the court says: "The case was tried to the court. The testimony on such issue was sharply conflicting. The trial court accepted appellees' contention as to the facts and rendered judgment in accordance therewith. The findings of the court * * * being general, every issuable fact must be considered found in their favor if there is any evidence to support such a finding. In passing upon the sufficiency of the evidence to sustain each such finding, we must view the same in the light most favorable thereto, rejecting all evidence favorable to the opposite contention and considering only the facts and circumstances which tend to sustain such finding."

To the same effect are Citizens' Nat. Bank of Abilene v. Elk Mfg. Co. (Tex. Com. App.) 29 S.W.(2d) 1062; Williams & Chastain v. Laird (Tex. Civ. App.) 32 S.W.(2d) 502, and cases there cited.

In our opinion, the evidence in this case warranted the trial court in rendering the judgment of which complaint is here made.

■ If there are inconsistencies in the testimony, the court trying the case without a jury had the right, and it became his duty, to look to the whole of said testimony and to reconcile, if possible, said inconsistencies.

Young v. Blain (Tex. Com. App.) 245 S. W. 65.

■ There was no evidence in the record which shows, even remotely, that the appellees had knowledge of the failure of the notary public to perform his duty with statutory regularity; on the contrary, it is shown by uncontradicted testimony that they had no knowledge of any supposed irregularity in the taking of said acknowledgments. Several authorities are cited by appellants to sustain their position that the failure to comply with the statute in all respects in the taking of acknowledgments, especially of a married woman to her homestead, renders the instrument void. But a careful reading of these authorities discloses that in no case cited by appellants was the question of innocent purchaser raised. Therefore it is our opinion that they are not controlling of the issue involved in this case. In the case of Hartley v. Frosh, 6 Tex. 208, 55 Am. Dec. 772, the Supreme Court said: "To impeach the veracity of the certificate, it will not be sufficient to allege that there was no privy examination—that she did not acknowledge the same to be her act and deed, etc. There must be some acts alleged showing fraud; as, for instance, that there was a fraudulent combination between the Notary and the parties interested. The certificate, in this case, is in conformity with the statute, and cannot be impeached merely by saying that she was not examined apart from her husband. But few authorities have been examined, and the most important are not accessible."

In the case of Miller v. Yturria, 69 Tex. 549, 7 S. W. 206, 207, Judge Gaines, speaking for the Supreme Court, said: "It is well settled in this court that the wife cannot defeat a conveyance of the homestead or of her separate property by showing that, at the time her acknowledgment was taken, she did not understand the import, or that the officer did not properly explain it to her, unless she also show that these facts were brought to the knowledge of the grantee."

To the same effect is the case of Sanger v. Calloway (Tex. Com. App.) 61 S.W.(2d) 988, and the cases there cited.

After careful consideration of the entire record in this case, it is our opinion that the judgment of the lower court should be affirmed, and it is so ordered.