## AUGUSTE RUFFIER ET UX. v. JOHN F. WOMACK.

Where a deed and another contract were executed, in reference to real estate, on the same day, they are to be construed together in order to determine whether the transaction was a conditional sale or a mortgage.

Where the transaction originated in the loan of money at usurious interest, the courts incline to a mortgage; and if the property remain in possession of the vendor, it is another circumstance to favor the same hypothesis.

If the contract be originally a mortgage, it remains a mortgage.

But parties are able to make conditional sales, and if such was their intention, such contracts will be upheld; and if there was a pre-existing debt, the question is, was it the intention of the parties to cancel that debt.

Where the evidence exists partly in writing and partly in parol, and there are facts connected with rents and interest, extensions of time for considerations, homestead, and continued possession, all that the court could do was to submit the issues to the jury upon the question of intention, with proper instructions as to the law of the case.

The true issue really is, does the relation of debtor and creditor still remain? And if the transaction was based upon a pre-existing debt or loan of money, it must clearly appear that such debt is extinguished, or it will be *held* that the new arrangement is a mere change of security. It is not enough that the debt is changed from one form to another.

Where there was error in the charge, the judgment will be reversed.

Where it is ascertained that the instruments and transaction are really a mortgage, the calculation of interest becomes easy.

APPEAL from Harrison. The case was tried before Hon. J. B. WILLIAMSON, one of the district judges.

The record in this case is voluminous, and the facts somewhat contradictory; but it is believed the following summary will be as satisfactory as any which can be given. The real issue was whether the whole transactions between the parties were in fact a mere security for money, or were they a conditional sale? And this was made to depend not upon the writings, but upon the proofs.

On the 2d February, 1862, Womack, appellee, instituted suit, in Harrison district court, for certain real estate in the city of Marshall, against the appellants.

The appellants plead not guilty, and afterwards amended by averring that, on the 8th September, 1859, they were

the owners of the property in controversy, which was their homestead; that a judgment had been obtained against them, with a decree to sell the premises for its satisfaction; that, through one W. P. Hill, they procured one Slater to satisfy the judgment and take a transfer thereof to himself; that in consideration of the payment by Hill, as their agent, to Slater, of five per cent. a month on the amount paid by the latter on the judgment, he gave time for payment of the money for sixty days; that divers other sums were paid by Hill, as their agent, to Slater, for forbearance to enforce said judgment from the expiration of said sixty days until the 18th May, 1860; that at the last-mentioned day, in consideration of the payment by Hill of a portion of the principal debt and $400 for forbearance, the appellants were allowed an extension of time of payment until 1st February, 1861; that, to effect this agreement, appellants executed a deed of the premises to Slater; that the extension of payment was secured by an instrument executed by appellants, Hill and Slater. As the case turned upon the construction of this instrument, it is here copied:

"THE STATE OF TEXAS, }
  " *County of Harrison.* }

"Article of agreement between Charles W. Slater, William Pinkney Hill, Auguste Ruffier, and his wife, all of said county, witnesseth:

"That whereas the said Ruffier and wife have, by their deed of this date, conveyed, in absolute sale and title, to the said Slater, the following property   *   *   *   ;

"And whereas the consideration of said deed of conveyance was and is the payment, satisfaction, and discharge of the balance of $1,410 46 due and owing by said Ruffier and wife upon a certain judgment against them, in favor of Rawlins, Duncan & Co., rendered by the district court of Harrison county, on the 27th day of September, A. D. 1858, for $1,316 82 and costs of suit, which was affirmed with damages in the Supreme Court of Texas at Tyler, at

April term, A. D. 1859, which said balance of said judgment was held and owned by said Slater;

"And whereas the said Hill has from time to time paid parcel of money by way of loan and advancement to said Ruffier and wife, which were credited as payments upon the debt, interest, damages, and costs of said judgment, so as to reduce the same to the balance aforesaid;

"And whereas the said Stater is willing to sell and convey to the said Hill the said premises for and in consideration of the price and terms hereinafter set forth and for the tract hereinafter stated:

"Now, therefore, in consideration of the premises and the sum of $5 to him paid, the receipt whereof is hereby acknowledged, and for the further consideration of $1,418 46, which the said —— agrees to pay said Slater on or before the 1st day of February, A. D. 1861, the said Slater hereby binds himself, his heirs, executors, and administrators, to grant, sell, and convey unto the said Hill, his heirs, and assigns, all and singular the said tract or parcel of land, together with all and singular the improvements and appurtenances of the same, with this consideration, however, that if said sum of $1,418 46 is not paid on the 1st day of February, A. D. 1861, as aforesaid, this agreement is to be null, and of no effect whatever, and the said Slater is at liberty to dispose of said premises in any way he may deem proper; but if said money is paid, as aforesaid, then the said Slater, his heirs, executors, and administrators, will execute and deliver to said Hill, or any person he may appoint, an absolute quit-claim deed to said premises, to have and to hold the same in trust, that when the said Ruffier and wife shall pay to said Hill the said sum of $1,418 46, and the said sum of money paid and advanced by said Hill for the said Ruffier and wife, as aforesaid, with lawful interest, and said divers sums of money from the date of that advancement, then the said Hill, or whomsoever shall hold said trust, shall convey, by absolute quit-

claim for title, the said premises to the said Ruffier and his wife, to be held by them forever in fee simple.

"In witness whereof the parties to this agreement hereunto set their hands and seals, this the 18th day of May, A. D. 1860.

"C. W. SLATER.    [L. S.]

"W. P. HILL.    [L. S.]

"A. RUFFIER.    [L. S.]

"JOHANNA RUFFIER." [L. S.]

And also further averring, that on the 21st May, 1860, appellants conveyed the property in question to the appellee; and that, on the 2d February, 1861, Slater assigned to appellee all his interest in the instrument B. The answer further charges that, on said 2d February, 1861, appellee, in consideration of $480 paid by Hill, as appellant's agent, extended the time of the payment of said judgment until 1st January, 1862. The answer also sets up that the amounts so paid for forbearance were usurious; that in the aggregate they exceed in amount the said judgment; that appellee and Slater were partners in the sum advanced to pay off the judgment, and that they divided the sums paid for forbearance between them. It is also alleged that the appellee had notice of all Slater's transactions, and an offer is made to pay any sum which may be found to be due appellee, after deducting the usurious sums paid. Another amendment was filed, which charges that the deed of 18th May, 1860, by appellants to Slater, and the paper marked B, were one and the same transaction. That appellee was the owner of all the money paid by Slater for the transfer of the judgment. That all the sums paid by Hill went to the appellee, and that throughout Slater acted as appellee's agent.

The cause came on for trial at the spring term, 1866, and there were a general verdict and judgment for appellee for the property and damages. It was admitted that the appellants had derived title to the property in dispute from

the government, and the deeds from appellants to Slater, and from him to appellee, were read in evidence. It was also proved that the rent of the premises, from 1st January, 1862, to the time of trial, was of the value of $300 a year in specie. The various payments charged in appellant's answer were proved by the witness Hill, as charged, who also swore that the payment of $400 to Slater at the execution of the instruments, on 18th. May, 1860, and of $480 to appellee, were made to obtain extensions of time for payment of the judgment against appellants, and not for rent of the premises, and in effect that exhibit B was intended by the parties to be a mortgage.

On the contrary, Slater swore that the deed made by appellants to him, on 18th May, 1860, was in satisfaction and payment of the judgment. That the $400 then paid was for the rent of the property until 1st February, 1861, and he describes the manner in which the proper amount of rent to be paid was arrived at; and Slater and Wilson swore that the $480 paid by Hill to appellee, on 2d February, 1861, was for the rent of the property until 1st January, 1862; that Hill told appellee that he should have no further trouble about the matter, but should then have his money or the possession of the property; and that Hill also promised to give appellee a written instrument, showing the relation of landlord and tenant between him and appellants, which was not given in consequence of Hill having left the country a few days after. Wilson also swore that the reason why the appellee wanted the. writing above mentioned was, that he might evict appellants by a proceeding for forcible detainer in case the money was not paid at the time agreed upon. Slater further proved, that appellee and himself were not partners in the transactions between Hill and himself; but that he borrowed the money from appellee, and out of the proceeds reserved sufficient to pay for his trouble, and paid the remainder to appellee.

The judgment in favor of Rawlings, Duncan & Co.

against appellants and the order of sale issued thereon were in evidence. The property was differently estimated by various witnesses, ranging from $1,500 to $5,000; but it was shown that appellants assessed it at $1,500, and appellee at $2,000.

There was a motion and an amended motion for a new trial, which were overruled. As the charge of the court was the cause of reversal, it is here given in full:

"In this case you are instructed to thoroughly examine the testimony before you, and determine therefrom—

"1. Whether the deed from Ruffier and wife to Slater was executed in consideration that further time would be granted to pay the judgment against Ruffier and said wife in favor of Slater, and with the mutual understanding and agreement between said parties that the said judgment was then, and should remain, an existing debt; or,

"2. Was said deed executed with the mutual understanding and agreement that the said judgment was then to be considered entirely paid and extinguished, and that there should remain to these defendants only the right of redemption on condition of payment at a certain time. If you find the first, and if you find in addition thereto that the plaintiff, Womack, at the date of the deed from Slater to him, had notice of the understanding and agreement of said parties, you will find for the defendants. If you find the second, and if you find in addition thereto that if all the various sums paid by the defendants or their agents were not equal to the amount of said judgment and the interest thereon, at the rate of twelve per cent. and costs of same, at the time agreed upon for redemption, then you will find for the plaintiff. If you find for the plaintiff, then you will find the value of the rents of premises sued for from the commencement of this suit to the present time. And, in connection with this, you will also find from the testimony whether the writ of sequestration was sued out in the case for the purpose of vexing, harassing, and injuring the de-

fendants; and if you find that it was, you will assess such damages on said Womack as may, under the circumstances, seem proper, and you may place the same in offset of rents, if any you find, and you may find a balance against either party.

"If you find that the various sums paid by the defendants or their agents to Slater, at the date of the deed from Ruffier and wife to him, were not equal to the amount of said judgment as in the hands of Slater, and interest thereon at twelve per cent. and costs, then you will find that there was an existing debt at said date and time.

"If there is any conflict in the testimony, you will reconcile it if you can; if you cannot, you will give to each witness such weight and credit as may, under all the circumstances, seem right and proper."

The original motion for a new trial is substantially the same as the assignment of errors.

It is assigned for error that the judgment of the court is not sustained by the verdict of the jury.

*W. H. Bristow,* for appellants, criticized the facts of the case, and contended that the transaction was a conditional sale, for which he cited Baxter v. Dean, 24 Tex., 17; Edrington v. Harper, 3 J. J. Marsh., 354; Peterson v. Clark, 15 Johns., 205; Dey v. Dunham, 2 Johns., Ch., 189; Clark v. Henry, 2 Cow., 324; Wheeland v. Swartz, 1 Yates, 584; Dougherty v. McColgan, 6 Gill & Johns., 278; Woodward v. Fitzpatrick, 9 Dana, 118; Hudson v. Isbell, 5 Stew. & Porter, 67; Blain v. Bass, Blackf., 540.

He went into the calculations of interest to show that the actual balance was less than $500.

*William Stedman* and *Jennings* and *Selman* filed arguments for the appellees, in which they reviewed the facts at great length, and cited Conway v. Alexander, 7 Cranch, 219; Thompson v. Chumney, 8 Tex., 319; Kunkle v. Wal-

ford Berger, 6 Watts, 130; Woods v. Caldwell, 3 Watts, 188; McKinstry v. Conly, 12 Ala., 678; Poindexter v. McCannon, 1 Dev. Eq., 377; Hooper v. Baily, 28 Miss., 328; McGee v. Cutchins, 33 Miss., 672.

MOORE, C. J.—The only question of difficulty in this case is to determine whether the deed of the 18th of May, 1860, from the appellants to Slater, together with the simultaneous agreement between said parties and Hill, is a mortgage or, a conditional sale. The legal distinction between these contracts, and the consequences which result from them, are obvious and well defined. But the circumstances from which such contracts have their origin, and the object generally intended to be attained by at least one of the parties to them, being frequently so nearly similar, it is often a matter of considerable embarrassment to say to which of these different classes of contracts a particular transaction properly belongs. The contract which gives rise to the present suit is certainly not free from the usual embarrassment and uncertainty encountered in the construction of similar agreements.

An inspection of the two instruments to which we have referred, which are evidently to be viewed as parts and parcels of one entire transaction, and a consideration of the facts and circumstances connected with the contract, show that many of the badges or indices which point to and characterize a mortgage are connected with this transaction, while others, strongly indicative of a conditional sale, are equally obvious.

There was unquestionably a pre-existing debt, which originated in a borrowing and lending on excessively usurious rates of interest. (Edrington v. Harper, 3 J. J. Marsh., 353.) And as the lender is less influenced by the pressure of circumstances which control the judgment and will of the borrower, the leaning of the courts in such cases has generally been to construe agreements under such

circumstances as mortgages. (Conway v. Alexander, 7 Cranch, 218.) The money previously loaned had been advanced on the security of the same property to which the contract refers. It had been dealt with as sufficient security for the money originally loaned. For this reason, as well as the testimony in respect to its value, we must conclude that it was at the time worth considerably more than the money advanced upon it. It was appellant's homestead, and the enormous interest which they were paying shows a great unwillingness to consent to its sale; and possession remaining with appellants is also a circumstance indicating a mortgage. (Skinner v. Miller, 5 Lit., 84; Hudson v. Isbell, 5 Stew. & Port., 67; Caldwell v. Woods, 3 Watts, 197; Wheeland v. Swartz, 1 Yates, 583,) It is also to be observed, that no acknowledgment of tenancy is alleged to have been asked or promised at this time. The dispute on this point seems to have arisen between the parties on the subsequent extension of time by appellee. But if the contract with Slater was a mortgage, the subsequent extension of time for its payment will not change its character; for if ever a mortgage, it must continue so, (Clark v. Henry, 2 Cow., 324,) unless the contract is abrogated and extinguished by a new contract, supported by an adequate consideration. Nor would the acceptance of a lease of the premises by appellants, it is held by high authority, have conclusively shown the transaction to be a conditional sale. (Kunkle v. Wolfersberger, 6 Watts, 126.)

On the other hand, however great may have been the disposition manifested sometimes by courts to construe all agreements, coupled with a stipulation for a re-conveyance upon payment by a future day, as mortgages, it is now well settled, that the power of individuals capable of acting for themselves to make such contracts cannot be denied. And when the facts show that this is the character of their agreement, it must be upheld and enforced as readily as any other

contract. (Conway v. Alexander, 7 Cranch, 218.) Nor does
the fact that there was an existing debt at the date of the
contract repel the presumption which may arise from other
facts that the contract was a conditional sale.    The ques-
tion in such case is, was the old debt surrendered or can-
celed at the time of the conveyance?  (Holmes v. Grant,
8 Paige, 243.)    In this case, if the old debt was not satis-
fied, the existing security for it by the judgment was cer-
tainly released.    And the fact that the more speedy and
efficient security by the judgment and order of sale, if the
new contract was still a mere extension of time for the
payment of the money loaned, was surrendered for the less
efficacious security of a mortgage upon the same property,
embarrassed, too, with the question whether, after the sat-
isfaction of the judgment, the mortgage could be enforced
against the homestead if it were contested, is of much
weight in favor of the construction insisted on by appellee.
It is also a circumstance that the amount paid for the
delay, if a loan, was less than the previous interest, and
that it is admitted that this amount was fixed by Slater,
and afterwards by appellee, when he gave the last exten-
sion, upon an estimate of the rent of the property.  Where
was the necessity of changing the nature of the security, or
in this circuitous manner fixing the deduction of interest,
if there was to be a mere continuing loan?

Other circumstances might be adverted to, tending to
support the respective conclusions insisted upon by the
parties.    Enough has been said, however, to show the
embarrassment and difficulty in the proper solution of the
question for determination.    It is quite evident that the
jury could not so determine, unless the true point at issue
was precisely and clearly presented to their consideration.
If this has been done, their verdict should not be disturbed,
but if it has not, a new trial should be granted.

The instruments before the court purport to operate as
a conditional sale.    The marked test or criterion for ascer-

taining whether this is their effect, or whether they are a mere mortgage, is by determining whether the relation of debtor and creditor still exists between the parties. As is said in Robinson v. Cropsey, 2 Edw. Ch., 138, "If the deed or conveyance be accompanied by a condition or matter of defeasance expressed in the deed, or were contained in a separate instrument existing merely in parol, let the consideration for it have been a pre-existing debt or a present advance of money to the grantor, the only inquiry necessary to be made is, whether the relation of debtor and creditor remains, and a debt still subsists between the parties. For if it does, then the conveyance must be regarded as a security for the payment, and be treated in all respects as a mortgage. (Slee v. Manhattan Company, 1 Paige, 56.) On the other hand, when the debt forming the consideration for the conveyance is extinguished at the time by the express agreement of the parties, or the money advanced is not paid by way of loan, so as to constitute a debt and liability to repay it, but, by the terms of the agreement, the grantor has the privilege of refunding or not, at his election, then it must be deemed purchase-money, and the transaction will be a sale on condition, which the grantor can defeat only by a re-purchase or performance of the condition on his part within the time limited for the purchase, and in this way entitle himself to a re-conveyance of the property." (See also Poindexter v. McCannon, 1 Dev. Eq., 377; McGee v. Cutchins, 33 Miss., 673.)

But when the transaction grows out of a pre-existing debt or loan of money, it must clearly appear that such debt is extinguished, or it will be held that the new arrangement is a mere change in the security. (Dougherty v. McColgan, 6 Gill & Johns., 275.)

By the first clause of the charge given by the court, the jury were instructed to find a verdict for appellants, if the deed to Slater was executed in consideration that further time would be given to pay the judgment against

them, and with the mutual agreement between the parties that said judgment was then and should remain an existing debt.    The mind of the jury, in our opinion, may have been misled by the phraseology of this charge from the true issue for their determination.    The question for inquiry was not whether the judgment had been extinguished or discharged.    Evidently it had been.    The true question was, had appellant's debt been paid by the sale of the house and lots?    Although the judgment was satisfied and discharged, if, in doing this, the debt, for which the judgment originally stood as a security, was still in force against appellants, then there was a mere change of his security by the creditor, and appellee was not in that event entitled to the property.    Nor is it material what the papers themselves may say on the subject. The question is, what in fact was the contract and agreement of the parties?    If by it there was a continuing obligation against the appellees for the debt, the transaction must be declared a mortgage, although it was expressly stated in the deeds that the debt was fully satisfied, and that it was expressly understood and agreed that the contract was intended as a conditional sale, and not a mortgage. For whether it is the one or the other, depends upon the construction placed by the law upon the real agreement between the parties, and not on what they have said about it.    By the clause of the charge to which we have referred, the jury most probably understood that they should find against the appellants, unless the judgment was still in force against them.    It is true, in the subsequent part of the instruction, in presenting the grounds upon which a verdict might be found for appellee, the rule was more correctly indicated, but still the erroneous instruction which was furnished as a guide in determining appellants' right to a verdict was left uncorrected, unless the jury were able to do this from an analysis of the entire charge.    This it is hardly to be expected they should do.    We cannot say

therefore that they were not misled by the erroneous instruction which was given them. If there was merely an omission to give the jury full and complete instructions, as none were requested by appellants, they would be precluded from complaining; but, as we have said, the instruction given may have misled the jury, by presenting an erroneous and improper rule to guide them in their conclusion. The defect in the charge is one of commission, and not of omission.

We deem it unnecessary to advert to any other question in the case. If the contract is proved to be a loan, there would seem no difficulty in following the requirements of the statute regulating interest in settling the account between the parties. We will not therefore protract this opinion to greater length, by attempting to anticipate any question which may possibly arise upon such hypothesis.

The judgment is reversed, and the cause

REMANDED.