## JAMES R. MOORHEAD v. J. W. ELLISON.

Decided June 16, 1909.

### 1.—Deed as Mortgage.

The intention of the parties to an instrument, whatever its language might be, must determine whether it is a deed or a mortgage, and when it is doubtful whether the parties intended a mortgage or a conditional sale, a court of equity will resolve the doubt in favor of the instrument being a mortgage rather than a deed.

### 2.—Same.

A warranty deed contained the following language immediately after the habendum clause: "This instrument shall remain in escrow for the period of ninety days from date, and if at the end of such period I have not paid or caused to be paid to said T. (the grantee) the sum of $150, then same is to be delivered to him; but if such amount has been paid at such time then this instrument to be returned to me." Said instrument was placed in the hands of a third party to be held by him for ninety days; the grantor remained in possession of the land; the land was worth much more than $150; at the end of ninety days, the money not having been paid, the grantee named in said instrument placed the same on record and sold the land. In a suit of trespass to try title by the grantor in said instrument against a remote vendee of the original grantee, held:

(a)   The instrument showed on its face that it was a mortgage, and the testimony of the grantor and grantee therein that such was the nature of the transaction was conclusive of the question, and therefore the instrument should not have been admitted as a muniment of title.

(b)   Neither the language of the instrument nor the attendant circumstances justified the conclusion that the transaction was a conditional sale.

(c)   The provision, that the instrument should be delivered to T. at the end of ninety days if the debt was not then paid, was not equivalent to a stipulation that the conveyance should become an absolute one upon failure to pay said money.

Appeal from the District Court of Val Verde County. Tried below before Hon. W. C. Douglas.

*W. K. Jones,* for appellant.—The instrument was a mortgage and not a deed; the right of possession remained in J. R. Moorhead, and the remedy of his vendee or his assigns was one of foreclosure and not one of trespass to try title. Carter v. Carter, 5 Texas, 100; Stephens v. Sherrod, 6 Texas, 300; Wright v. Henderson, 12 Texas, 43; Duty v. Graham, 12 Texas, 434; Parker v. Beevers, 19 Texas, 410; Reeves v. Bass, 39 Texas, 631; Gibbs v. Penny, 43 Texas, 560; Edrington v. Newland, 57 Texas, 627-633; Pratt v. Godwin, 61 Texas, 334; Hannay v. Thompson, 14 Texas, 144; McKey v. Welch, 22 Texas, 390; Mann v. Falcon, 25 Texas, 274; Ruffier v. Womack, 30 Texas, 340; Hart v. Eppstein, 71 Texas, 756; Soell v. Hadden, 85 Texas, 182; Eckford v. Berry, 87 Texas, 415.

*John J. Foster,* for appellee.—In order to show a deed absolute upon its face to be a mortgage, the testimony to that effect must be clear and positive. Markham v. Carothers, 47 Texas, 21; Moreland v. Barnhart, 44 Texas, 275; Hughes v. Delaney, 44 Texas, 529; Grooms v. Rust, 27 Texas, 231; Barnett v. Logue, 29 Texas, 283.

Both parties to the instrument must intend it to be a mortgage, otherwise it will be what it purports to be. Same authorities; also Davis v. Brewster, 59 Texas, 93; Webb v. Burney, 70 Texas, 322.

The possession of Moorhead was not notice to Ellison that Moorhead claimed the land as owner. Eylar v. Eylar, 60 Texas, 315; Hurt v. Cooper, 63 Texas, 362; Heidenheimer v. Stewart, 65 Texas, 321; Lynn v. Sims, 43 S. W., 554; Forbes v. Thomas, 51 S. W., 1097; Sparks v. Texas Loan Agency (S. C.), 19 S. W., 258.

FLY, Associate Justice.—This is an action of trespass to try title instituted by appellee to recover of appellant 640 acres of land in Val Verde County. Appellant answered by general demurrer, general denial and a plea of not guilty, and also filed a plea in abatement setting up that appellee was not entitled to sue for himself because he had no personal interest in the suit, but was holding whatever interest was claimed by him for the use and benefit of the Galveston, Harrisburg & San Antonio Railway Company, and that the prosecution of the suit was a fraud upon the court. He also pleaded that appellee claimed the land through an instrument made by appellant to Geo. M. Thurmond, which was never intended as a deed of conveyance, but was only intended as a mortgage, and that the mortgagee had made a quitclaim deed to M. W. Warren, and that the said Warren had conveyed the land to appellee. In a supplemental petition appellee prayed in the alternative for a foreclosure of the mortgage on the land. The cause was tried without a jury and judgment rendered in favor of appellee for the land.

On March 20, 1896, appellant applied to the Commissioner of the General Land Office to purchase the 640 acres in controversy, being section 2, block E. M. I., certificate 2832, grantee G., C. & S. F. Ry. Co., for the purposes of a home, taking the necessary oath as to good faith, settlement and other matters required by statute. On the same day he gave his obligation for the purchase money and the land was awarded to him. On April 23, 1904, appellant executed to George M. Thurmond a warranty deed to the land with the following language immediately succeeding the habendum clause: "This instrument shall remain in escrow for the period of ninety days from date, and if at the end of such period I have not paid or caused to be paid to said Thurmond the sum of one hundred and fifty dollars, then same is to be delivered to him; but if such amount has been paid at such time, then this instrument to be returned to me." The instrument was acknowledged and placed in the hands of L. Brown, deputy county clerk of Val Verde County, to be held by him for ninety days. The evidence of appellant and of Thurmond shows that the instrument was given to secure the payment of an attorney's fee due by appellant to Thurmond. On July 29, 1904, Thurmond conveyed the land to M. W. Warren for $150, and the instrument made by appellant to Thurmond was at once recorded. On March 14, 1905, the land was conveyed by Warren to appellee. The first two transfers were filed in the General Land Office by Warren with proof of appellant's application to purchase and occupation of land as a *bona fide* settler, and Warren gave his obligation for the purchase money. On October 30, 1905, appellee gave his

obligation to pay the purchase money. Both Warren and appellee knew when they purchased the land that appellant was living on it. His wife had been divorced from him in 1896 and the land was awarded to him in the decree, and she was dead when he executed the instrument to Thurmond, and he had no family living with him.

The instrument executed by appellant to Thurmond shows on its face that it is a mortgage, and all the testimony offered in regard to the transaction gives it that character. It was given to secure a debt, and appellant remained in possession of the land after its execution. The mortgage did not constitute a muniment of title and should have been excluded from the evidence.

The conclusion of the trial court was: "That the deed from Moorhead to Thurmond of date April 23, 1904, was executed in full settlement of the indebtedness due from Moorhead, and that during the escrow period of ninety days provided for therein it was a conditional sale, but became absolute on the completion of said escrow period." We are of opinion that the conclusion is not justified by the language of the instrument nor the attendant circumstances. The land was worth far in excess of the debt to Thurmond, and appellee had offered appellant $1,100 for the land. Thurmond swore that the deed was executed as security for his debt.

The language of the instrument does not indicate that the sale was a conditional one and was to become absolute if the money was not paid by a certain date, merely that it was to be delivered to Thurmond at that date. It was given to secure a debt and no agreement was ever made in the instrument itself or in connection with it that it should become an absolute deed of conveyance if the debt was not paid. Its character was determined by the object for which it was given and the intent of the parties at the time of its execution, and a provision for its delivery to Thurmond in a certain event did not alter its character. If the last clause of the deed had not been in it, the deed; though absolute on its face, under the attendant circumstances would have been a mortgage. Delivery of it or provision for delivery did not and could not transform it into a deed of conveyance. The language of the concluding paragraph was sufficient to excite inquiry and operate as notice of the character of the instrument.

The intention of the parties to an instrument must determine its character whatever its language may be, and when it is doubtful whether the parties intended a mortgage or conditional sale, a court of equity will resolve the doubt in favor of the instrument being a mortgage rather than a deed. (Stampers v. Johnson, 3 Texas, 1; Fowler v. Stoneum, 11 Texas, 511; Carter v. Carter, 5 Texas, 101; Ruffier v. Womack, 30 Texas, 343; Walker v. McDonald, 49 Texas, 453; Loving v. Millikin, 59 Texas, 425; McCamant v. Roberts, 80 Texas, 316; Gray v. Shelby, 83 Texas, 405.)

There is no doubt that the debt still remained after the execution of the instrument and that the intention of the parties was to secure the debt and that the value of the land was largely in excess of the debt. No sane man would have conveyed title to 640 acres of land, of the excellent character this was shown to be, in payment of a debt of $150,

and it would be contrary to the rules of equity to hold that it was a sale rather than a mortgage of the land.

The instrument being a mortgage and the debt not being paid and there being a prayer for the foreclosure of the mortgage, the court should have rendered a judgment in favor of appellee for the debt of $150 with a foreclosure of the lien.

The judgment of the lower court will be reversed and judgment here rendered that appellee take nothing as to his suit for the recovery of the land, but that he have judgment against appellant for $150 with interest at six percent per annum from July 23, 1904, and that appellant recover all costs of this court and the lower court.

*Reversed and rendered.*

Writ of error refused.