## MOSHER STEEL & MACHINERY CO. v. NASH et ux. (No. 10187.)

Court of Civil Appeals of Texas. Dallas. April 14, 1928.

Rehearing Denied May 12, 1928.

**1. Homestead ⬤122—Debtor held not estopped to assert deed to homestead was mortgage, though indebtedness in original form was barred.**

Debtor who gave deed to his homestead to creditor taking back lease, for purpose of giving creditor security for indebtedness and paying installments on lien on property by means of monthly rentals, *held* not estopped by subsequent conduct to assert character of transaction as creating mortgage, though indebtedness in its original form had since become barred by limitations.

**2. Homestead ⬤115(2)—Transaction by which homestead was conveyed as security and debtor took back lease, held void, notwithstanding claim that transaction constituted conditional sale and absence of express condition of defeasance (Const. art. 16, § 50).**

Where creditor received conveyance of debtor's homestead as security for indebtedness and gave lease in return, under which debtor paid installments on lien, transaction was void as mortgage of homestead, in violation of Const. art. 16, § 50, and creditor was not entitled to avoid effect of transaction, on ground that lease and option to purchase given debtor created conditional sale, though there was no express condition of defeasance in the deed.

**3. Homestead ⬤115(2)—Condition of defeasance need not appear in pretended conveyance of homestead to render instrument void as mortgage (Const. art. 16, § 50).**

It is not necessary to render a pretended sale of a homestead void, on ground that mere mortgage is involved, under Const. art. 16, § 50, that condition of defeasance shall appear in the instrument itself, but condition may exist merely in parol.

**4. Homestead ⬤133—Petition which alleged plaintiff's indebtedness and that conveyance of homestead was not in payment sufficiently showed continuance of original indebtedness (Const. art. 16, § 50).**

In suit by debtor against creditor to cancel deed to homestead as constituting mortgage, in violation of Const. art. 16, § 50, petition which alleged that plaintiff was indebted to defendant, but that conveyance to defendant and lease and option to purchase given plaintiff did not constitute payment, *held* to sufficiently allege existence of indebtedness at time of transaction involved, and that the indebtedness continued with merely a change in form.

**5. Homestead ⬤115(2)—Debtor's deed and lease contract held void as mortgage on homestead, where recited consideration paid equalled indebtedness and rent represented monthly installments on lien (Const. art. 16, § 50).**

In suit by debtor against creditor for cancellation of deed and lease contract on ground that such instruments constituted mortgage of homestead, in violation of Const. art. 16, § 50, deed and lease contract constituted mere change in security and form of indebtedness, and were therefore void, where part of consideration recited as paid consisted of sum equal to amount of indebtedness, and where lease agreement provided for payment of monthly sum as rental which exactly covered monthly payments due under lien on property, which defendant assumed, and where defendant failed to show that the indebtedness had been extinguished.

**6. Homestead ⬤133—Creditor had burden to show deed to homestead and lease contract growing out of debt, were not given as security (Const. art. 16, § 50).**

Where transaction by which debtor conveyed homestead to creditor and then leased the property grew out of pre-existing debt, burden was on creditor to show that the debt was extinguished, and that the deed and lease contract did not represent mere change in security, void, under Const. art. 16, § 50, as mortgage on homestead.

**7. Homestead ⬤132—Debtor suing for cancellation of deed and lease contract on homestead, given as security, was not required to tender indebtedness due at time of executing deed (Const. art. 16, § 50).**

In suit by debtor to cancel deed and lease contract given creditor covering homestead, on ground that transaction involved mortgage, void, under Const. art. 16, § 50, plaintiff was not required to make tender of amount of indebtedness which it owed at time deed was executed as condition precedent to recovery.

**8. Evidence ⬤244(11)—Statement of agent of corporation who handled transaction that plaintiff was indebted to corporation, and that it had lien on his homestead, held admissible to prove deed to corporation was mortgage (Const. art. 16, § 50).**

In suit against corporation to cancel a lease contract to plaintiff's homestead on ground that

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

deed was a mortgage, in violation of Const. art. 16, § 50, statement of agent of corporation who handled transaction that plaintiff was indebted to corporation, and that it had a lien on his homestead to secure the indebtedness, *held* admissible as an admission of the corporation, though made subsequent to date of execution of instruments involved.

**9. Evidence ⚫➔244(1)—Acts and representations of authorized agent of corporation constitute admissions available against corporation.**

A corporation can only act by and through its officers and agents, and, when so acting, acts and representations of agent are admissible against corporation.

Error from District Court, Dallas County; Royal R. Watkins, Judge.

Action by George H. Nash and wife against the Mosher Steel & Machinery Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Turner & Rodgers and C. R. Winn, all of Dallas, for plaintiff in error.

Wallace & Taylor, of Dallas, for defendants in error.

VAUGHAN, J. For convenience, the plaintiff in error, Mosher Steel & Machinery Company, a private corporation, will be referred to as plaintiff, and defendants in error George H. Nash and wife, Annie Nash, will be referred to as defendants herein.

Defendants filed this suit in November, 1925, against plaintiff to cancel a deed and lease contract executed by them to plaintiff on their residence homestead on the 19th day of April, 1924, to secure to plaintiff the payment of certain indebtedness due it by defendant George H. Nash. The indebtedness grew out of certain steel construction work performed at Houston and Galveston, Tex., for the Texas Construction Company, which defendant George H. Nash had subcontracted with plaintiff to perform. The result of carrying to completion said subcontract was an indebtedness against George H. Nash in the sum of $4,650, and he in turn had a claim against said Texas Construction Company for approximately the same amount. Defendant George H. Nash agreed with plaintiff, on or about April 19, 1924, that he was indebted to it in the sum of $4,650 and agreed to secure the payment thereof. Plaintiff agreed to assist Nash in collecting his claim from the original contractor, the Texas Construction Company. To indemnify plaintiff against loss or liability, in the event of his failure to perform said subcontract, George H. Nash executed a bond on behalf of each of said contracts with himself as principal and the Employers' Casualty Company as surety. Negotiations were begun between said defendant Nash and plaintiff for the adjustment and ultimate settlement of said indebtedness, among other things, having in view the removal of any necessity for plaintiff to institute suit on said bonds against the Employers' Casualty Company, this because defendant George H. Nash had the Adolphus Annex job in contemplation, in reference to which, if secured, it would be necessary for him to execute a surety bond, which he and plaintiff knew he would not be able to do in the event plaintiff sued the Employers' Casualty Company on the bonds that had theretofore been executed by it as surety with defendant George H. Nash as principal, for the use and benefit of plaintiff. The negotiations resulted in the execution by defendants of an instrument in the form of and containing all the requisites of a general warranty deed, dated April 19, 1924, purporting to convey to plaintiff a lot with improvements thereon located at 4123 Victor street, in the city of Dallas, Tex., and the execution at the same time of a contract in which defendants purported to lease the above lot and improvements thereon from plaintiff for a period of one year, and in which instrument plaintiff conferred on defendants an option to repurchase said property. The "warranty deed" stated a consideration of $6,150, $4,650 of which was recited as cash in hand paid, and the purported assumption of an indebtedness in the sum of $1,500 secured by a valid lien on said property. The "lease agreement" provided for the payment by defendants of $45.90 per month as rental, which sum was the monthly payments then being made by defendants on the "$1,500 assumed" by plaintiff. This status of the parties continued until some time in April or May, 1925, when defendants began making monthly payments of $45.90 direct to the National Loan & Investment Company of Detroit, Mich., the holder of defendants' said obligation on which the sum of $1,500 was the balance unpaid.

Defendants sought the cancellation of said "deed and lease contract" on the ground that the property described in said instruments is and was at the time of the execution of said instruments their homestead, and alleged, among other things, that said instruments were intended by them to be and were but a mortgage for the purpose of securing the payment of said indebtedness of $4,650 to plaintiff, and, being a mortgage, said instruments were void.

Plaintiff answered by general demurrer and several special exceptions, a general denial, and a plea that the $4,650 indebtedness due by defendant George H. Nash to plaintiff was canceled and agreed to be canceled as a part of the consideration for the execution of said deed, and a plea of estoppel, to be discussed later on, an exception having been sustained thereto.

The case was submitted to a jury under five special issues, which were answered on the 12th day of March, 1927, as follows: (1) That

it was not the intention of the defendant George H. Nash and W. H. Buce, agent of plaintiff at the time of the execution of the deed and lease contract, that said instruments should constitute an absolute sale of the premises in question to the plaintiff; (2) that it was the intention of the defendant George H. Nash and W. H. Buce, agent of the plaintiff at the time of the execution of said instruments, that same should constitute a mortgage on said premises to secure the indebtedness of the defendant George H. Nash then due plaintiff; (3) that it was not the intention of defendant Mrs. Anna Nash at the time she executed said instruments that same were to constitute an absolute sale of said premises to plaintiff; (4) that it was the intention of defendant Mrs. Anna Nash at the time she executed said instruments that same were to constitute a mortgage on said premises to secure said debt of her husband, defendant George H. Nash; (5) that the indebtedness of $4,650 due by defendant George H. Nash to plaintiff on April 19, 1924, was not canceled on that date.

On the 12th day of March, 1927, defendants' motion for judgment to be entered in their favor on said verdict was granted and judgment rendered canceling the "deed and lease contract" and removing the cloud created by said instruments from the title of defendants' property. From this judgment plaintiff has duly prosecuted its appeal, through writ of error, to this court.

We find that the answers of the jury to the special issues submitted are sustained by the evidence, and therefore adopt same as part of our findings of fact.

[1] Plaintiff, by its first proposition under assignment of error No. 1, complains of the action of the trial court in sustaining defendants' special exception No. 1 to paragraph 12 of plaintiff's second amended original answer and in striking out its defense of estoppel. In said section 12 plaintiff pleaded:

"That the indebtedness under its original form of evidence which has not been changed is now barred by limitations, and the plaintiff, having made no mention of it remaining outstanding, and having represented and held out to defendant that it was canceled and liquidated, is now estopped to deny its cancellation and liquidation."

Defendants did not deny the existence of the indebtedness of $4,650 at the time of the execution of said deed and lease contract, or its existence thereafter; did not claim that same had been discharged in any respect by the execution of said instruments, but, to the contrary, having admitted the execution of said instruments, and alleged that same were executed as a mortgage, specifically admitted the existence of said indebtedness in a new form, more enduring than before the execution of said instruments, and which, from the facts alleged, excluded the idea that said indebtedness was barred by the statute of limitation even at the trial of the suit. The instruments involved were executed the 19th day of April, 1924. By the terms of same, the payment of said indebtedness was at least extended for one year from that date; therefore was not barred, even under the two years' statute of limitation, on the 12th day of March, 1927, the date of judgment appealed from. How could the conduct of defendants, after the execution of said instruments or prior thereto, operate to have caused plaintiff to have changed its position in any respect in reference to said indebtedness whereby it would be inequitable to permit defendants to allege and prove the true facts surrounding the transaction immediately before and at the time of the execution of said instruments for the purpose of establishing and preserving a right secured to them, both by the Constitution and legislative enactments of this state? Plaintiff did not allege a state of facts that in any respect showed that it had been induced by the acts and conduct of defendants as alleged by them to avoid the prima facie right of title established by said "deed and lease contract" in plaintiff, whereby it had been induced to regard its indebtedness as having been discharged by the execution of said deed, or that the acts and conduct of defendants subsequent thereto in reference to the effect of the execution of said deed, as alleged by plaintiff, had that effect. If defendants' allegations were true, then said indebtedness remained unimpaired as to the rights and remedies of plaintiff, and, if not true, then the indebtedness was discharged by the execution of said deed and the title to the property conveyed thereby vested in plaintiff. The character of the deed and lease contract could not have been changed by the facts pleaded by way of estoppel, as same were not sufficient to change the legal effect of said instruments as same existed at the date of execution from that of a deed to a mortgage, or from that of a mortgage to a deed. Ruffier v. Womack, 30 Tex. 332, at page 340, in which, determining a similar question, the following language was used:

"But if the contract with Slater was a mortgage, the subsequent extension of time for its payment will not change its character; for if ever a mortgage, it must continue so (Clark v. Henry 2 Cow. [N. Y.] 324), unless the contract is abrogated and extinguished by a new contract, supported by an adequate consideration. Nor would the acceptance of a lease of the premises by appellants, it is held by high authority, have conclusively shown the transaction to be a conditional sale. Kunkle v. Wolfersberger, 6 Watt [Pa.] 126." Loving v. Milliken, 59 Tex. 425.

The court did not err in sustaining said exception. We further hold that the court did not err in refusing to permit plaintiff's witness W. H. Buce to testify in support of the stricken allegations of plaintiff's answer re-

specting its defense of estoppel. This follows as a natural sequence to our holding that the exception to said plea was properly sustained.

[2] By its first proposition under fourth assignment of error, defendant contends that the court erred in overruling its motion for an instructed verdict because the warranty deed and written contract executed by defendants, when construed together, constitute a conditional sale for the property involved; that the instruments involved, viz. the deed and lease contract, by and through the language constituting said instruments respectively, without evidence otherwise delineating the situation of the parties, their acts and conduct before, at the time, and after, the execution of said instruments—that is, taking the contents of the instruments only to the exclusion of everything else that might have entered into the transaction out of which the execution of same resulted—there can be no question that, within themselves, as a matter of law, a conditional sale was evidenced.

However, a different situation was presented by the proof, revealing what was in the minds of the parties to be accomplished with reference to the indebtedness that existed in favor of plaintiff against defendant George H. Nash through the execution of the deed absolute upon its face to plaintiff, and the execution of the lease contract by plaintiff to defendants. Plaintiff contends that the transaction, consummated through said deed and lease contract, was the absolute sale of the property described in said deed to plaintiff, the renting of said property by plaintiff to defendants for a period of twelve months, and a conditional sale by plaintiff to defendants by virtue of which defendants had the right to purchase said property from plaintiff at the price and on the terms stated in the lease contract. On the other hand, defendants contend, which contention was sustained by the verdict of the jury, that the execution of said instruments was for the purpose of securing plaintiff in the payment of an indebtedness then existing in favor of plaintiff against defendant George H. Nash for the sum of $4,-650; that said indebtedness was not discharged by the execution of said instruments, its form only being changed from that of an open account to a written promise to pay said sum of money in the respective sums and on the dates as provided for by the terms of said lease contract; that said indebtedness remained an existing indebtedness, attempted to be secured by the execution of said purported deed on defendants' residence homestead; that it was not the intention of the defendants, in executing "said deed," to convey the absolute title to their said residence homestead, but only to create a mortgage lien on said property to secure the payment of said indebtedness. We therefore hold that the rule of law sought to be invoked by plaintiff for the purpose of defeating defendants' right

6 S.W. (2d)—11

to prevail in this suit was not applicable, as the right of defendants to protect their homestead from the mortgage lien thus attempted to be created did not depend, and could not be made to depend, solely upon the language of said instruments, for to so hold would be but to circumvent the wise, wholesome, and beneficient provisions of section 50, art. 16, of our state Constitution, viz.:

"The homestead of a family shall be, and is hereby protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon. * * * No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the husband alone, or together with his wife; and all pretended sales of the homestead involving any condition of defeasance shall be void."

[3] In cases of the character before us, it is not necessary, in order to render a pretended sale of the homestead void, that the condition of defeasance shall appear in the instrument itself. It may exist merely in parole. Ruffier v. Womack, supra.

By its second proposition under fourth assignment of error, plaintiff contends that the determining test of whether an instrument is a mortgage or a conditional sale is whether or not there was an existing debt to be secured.

[4] In support of this proposition, plaintiff contends that, with no allegation of a binding obligation to be secured by the two instruments, same on their face expressing a conditional sale and the intent on the part of defendants to make a conditional sale, the only inquiry that could have been made before the trial court was as to the present existence of an outstanding, binding indebtedness between defendants and plaintiff, and that, as none was alleged, it was the duty of the trial court to have granted plaintiff's motion for an instructed verdict. This proposition cannot be sustained. Defendants alleged in their first amended original petition:

"That heretofore, to wit, on or about the 19th day of April, 1924, plaintiff George H. Nash was indebted to said defendant in the sum of about $4,650."

And in their first supplemental petition, in reply to plaintiff's first amended original answer, alleged:

"Plaintiff George H. Nash further says that it is true that upon the completion of said contracts he was indebted to defendant in about the sum of $4,650, but plaintiffs deny and say that it is not true that they, or either of them, agreed to convey the property in question in this suit to defendant in payment of said indebtedness; * * * that the indebtedness of the said George H. Nash to defendant has not been

liquidated and paid; and further say that they have not claimed, and do not now claim, that same has been paid; that its existence was recognized in writing duly signed by plaintiff George H. Nash at the time of the execution of said purported deed and contract."

We are of the opinion that defendants' petition sufficiently alleged that the indebtedness of $4,650 due by defendant George H. Nash to plaintiff on the 19th day of April, 1924, was an outstanding, binding indebtedness on that date, and remained an outstanding, binding indebtedness only changed in its form, viz. that is, passed from an obligation resting in the form of an open account secured by the bond of indemnity executed by defendant George H. Nash to an obligation committed to a written contract, as shown by the terms of said lease contract, viz.:

"It is further contracted and agreed between the parties hereto that the second party shall have the option of the purchase of the property and all improvements thereon herein mentioned for the period of one year from this date at the price of $6,150 upon the following terms and conditions, to wit: $900 cash; the assumption of the balance due on the first lien note of $3,000 upon which there is a balance due at this time of $1,500; for the amount that may be due at the time said second party may exercise the option to purchase this property; the balance payable in annual installments on or before in the sum of $900, with interest at the rate of six per centum per annum."

We further hold that the facts and circumstances surrounding the transaction not disclosed by the deed and lease contract, for the purpose of showing the real character of the transaction entered into and consummated by said instruments, were properly alleged. Gray v. Shelby, 83 Tex. 405, 18 S. W. 409.

As to the payment of rents under said lease contract, same provided:

"Second party shall pay to first party the sum of $45.90 per month, payable on the first day of each month, beginning May 1, 1924, and to pay thereafter the sum of $45.90 per month in advance on the first day of each month."

[5, 6] At the time said lease contract was executed, defendants were paying on the $3,000 first lien note the sum of $45.90 on the 1st day of each month. The amount contracted by defendants to be paid as rent under the "lease contract" was identical in sum with the monthly installments payable on said $3,000 note, and the payments so contracted to be made by defendants were undoubtedly intended by the parties to said lease contract to be applied by plaintiff in payment of said monthly installments. This is clearly shown from the language of said lease contract providing for the assumption by defendants of the payment of $1,500, the balance due on the said $3,000 note. Defendants were to assume to pay, not the full balance of $1,500 due at that time, but the amount thereof due at the time defendants should exercise their option to purchase said property. This was but in effect a provision to take care of the monthly payments that should be made on said sum of $1,500 from the date of said lease contract up to the date said option to purchase should be exercised for the use and benefit of defendants, viz. securing to defendants credit for the payments so made. The consideration recited in said purported deed paid and to be paid by plaintiff for said property was the sum of $6,150. This was made up by the sum of $4,650, the amount of the indebtedness due by George H. Nash to plaintiff, and the sum of $1,500, balance due on said $3,000 note; and in said purported conditional sale agreement the same consideration was to be paid by defendants for said property. Why this deduction of the aggregate amount of the monthly payments to be made on said $1,500, unless the $45.90 contracted to be paid by defendants was to be applied monthly as a credit against said $1,500? No other reason can be gathered from the record. This being the case, then certainly the monthly sums contracted to be paid by defendants were not in fact to be paid as rent, but were only disguised in that respect for the purpose of aiding in the concealment of the real purpose for which said deed and lease contract were executed. Loving v. Milliken, supra. For if, in truth and fact, said monthly payments had been made as rents under said lease contract, the money so paid would have become the property of plaintiff, and the payments of same by plaintiff, on said $1,500, would not have reduced the $6,150 that defendants, under the terms of said conditional sale, were obligated to pay plaintiff as a consideration for the property involved. Defendants' testimony, to the effect that said instruments were not intended by the parties to be an absolute conveyance of the property involved, but only as a mortgage for the purpose of securing plaintiff in the payment of the indebtedness of $4,650 due by defendant George H. Nash to plaintiff, considered in connection with the situation of the parties, the attendant facts and circumstances that surrounded the execution of said instruments, and the interest of each party thereto involved and to be conserved, leaves no room for doubt as to the transaction consummated through the execution of said instruments being as contended by defendants. This transaction grew out of a pre-existing debt; therefore the burden was upon plaintiff, in the state of the pleadings, to have shown in no uncertain terms that such debt was extinguished, and, failing in this, it could only be held that the new arrangement, as represented by said deed and lease contract, was a mere change in the security and form of the indebtedness. This is in keeping with the holding in the case of

Ruffier v. Womack, supra, 30 Tex. at page 343, viz.:

"If the deed or conveyance be accompanied by a condition or matter of defeasance expressed in the deed, or were contained in a separate instrument existing merely in parole, let the consideration for it have been a pre-existing debt or a present advance of money to the grantor, the only inquiry necessary to be made is whether the relation of debtor and creditor remains, and a debt still subsists between the parties. For if it does, then the conveyance must be regarded as a security for the payment, and be treated in all respects as a mortgage. * * * The true question was, Had appellant's debt been paid by the sale of the house and lots? Although the judgment was satisfied and discharged, if, in doing this, the debt, for which the judgment originally stood as a security, was still in force against appellants, then there was a mere change of his security by the creditor, and appellee was not in that event entitled to the property. Nor is it material what the papers themselves may say on the subject. The question is, What in fact was the contract and agreement of the parties?"

In the instant case, it is clear from the proof that the obligation of $4,650 due by defendant George H. Nash to plaintiff was a continuing one; therefore we conclude that, although it be assumed that the recitals in the deed conveying the property involved stated that said debt was fully satisfied or giving that effect to the language used in the recital of the consideration for the execution of said deed, the transaction evidenced by said deed and lease contract must be held and declared to be a mortgage. This, notwithstanding it be conceded that it was expressly understood and agreed by the parties to said instruments that the contract evidenced thereby was not intended as a mortgage but as a conditional sale. This is warranted by the holding of the court in the case of Ruffier v. Womack, supra:

"For whether it is the one or the other depends upon the construction placed by the law upon the real agreement between the parties, and not on what they have said about it."

To the same effect is the holding in the case of Loving v. Milliken, supra, in which Chief Justice Willie, 59 Tex. at page 425, used the following language:

"From these [referring to a similar state of facts as above outlined] the transaction will take its hue, no matter what coloring the declarations and apparent agreement of the parties have attempted to give it. If there was a debt due from the grantor to the grantee, or a loan made, which the instrument secures, the transaction will be deemed a mortgage, let it be disguised as it may. No evidence of indebtedness may be taken or preserved and yet the debt may remain. For the sake of giving the transaction the appearance of a sale, all such evidences are usually avoided or canceled. * * * The circumstances from which equity usually deduces the conclusion that a deed in form is in reality a mortgage are exactly those which are prominent in this case. The existence of a previous indebtedness between the parties; the need which the grantor has for money; a negotiation between the parties, in which a mortgage is discussed, though apparently refused; an agreement to furnish more money and extinguish an old debt for a deed to the property; a sale finally agreed on for much less than the property is worth; a statement of willingness by the grantee to reconvey if the money is refunded; no change in possession of the property taking place, as is always contemplated in absolute sales, without some understanding to the contrary. These alone would seem to be sufficient to characterize the transaction as a mortgage. But when we add other potent facts proved on the trial, the conclusion becomes almost irresistible that a mortgage was intended by the parties."

[7] Plaintiff complains because defendants did not make a tender of the amount of the indebtedness due it at the time said deed was executed, and urges such failure as one of the reasons why its motion for instructed verdict should have been sustained. In the case of Loving v. Milliken, supra, it was held:

"We are of opinion, also, that appellants were not bound to make any tender to the appellee in order to regain possession of the property. This is required when the mortgagee is rightfully in possession of the mortgaged premises. * * * In this case possession was obtained in a manner unwarranted by law, and not contemplated by the parties."

Not only was the plaintiff not rightfully in possession of the premises involved but said "deed and lease contract," executed to operate as a mortgage, were and are void as such on defendants' homestead. The trial court correctly ruled that it was not incumbent upon defendants to make such tender. We are of the opinion that the trial court could not have pursued correctly any other course under the pleadings and proof than to have submitted to the jury the special issues calling for finding as to whether or not the instruments were intended to be an absolute conveyance of the property involved, or a mortgage to secure the payment of the indebtedness of $4,650 due by defendant George H. Nash to plaintiff, and whether or not said indebtedness remained a continuing one after the execution of said instruments.

[8] Plaintiff, under appropriate assignments and propositions, complains of the admission of the following testimony over its objection seasonably made: The testimony of G. H. Owens that he had a conversation with plaintiff's agent Buce, in which Buce stated that Nash was indebted to plaintiff in the sum of about $5,000, and that it had a lien on his homestead to secure same; the testimony of W. E. Joor who testified by deposition to substantially the same effect.

The testimony of the witness Owens was objected to on the following grounds: (a) That it was subsequent to April 19, 1924, the date of the execution of the instruments in

volved; (b) that the answer was an attempt, by a statement or declaration of an agent, to make a conveyance of realty not in conformity with the statute of frauds. The testimony of the witness Joor was objected to on the ground that same was hearsay, was a telephone conversation, without proper predicate having been laid, further than witness knew Mr. Buce slightly, had never talked with him over the telephone before the time of said alleged conversation, and did not know his voice over the telephone, and was a conversation subsequent to the date of the execution of the instruments involved.

Mr. Buce was assistant credit man and manager of the accounting department of plaintiff. Before the execution of the deed and lease contract, Mr. Ferdinand Hicks secretary of plaintiff corporation, stated to Buce that George H. Nash had defaulted in the payment of his bills; that plaintiff had the indemnity bonds executed by said Nash, which they could go against but it was the desire of the company, if possible, to save said Nash any embarrassment by going against the bonding company; and further stated that said Nash had agreed to give a note secured by lien on a piece of property on Victor street, and had Buce make an investigation of the property and ascertain if it was worth the amount of the indebtedness; Buce made the investigation and found that it was a duplex apartment, worth about $6,000; that it was defendants' homestead, and advised that said settlement be refused; that, prior to finding out that the property was a homestead, Buce had intended taking a mortgage on it, but thereafter decided not to accept the property as security and secured the execution of the deed and lease contract involved. When Mr. Hicks was advised that the property was defendants' homestead, he turned the matter over to Mr. Buce.

Buce had, prior to the introduction of the testimony objected to, testified that he did not tell George Owens that Nash owed plaintiff about $5,000, and that plaintiff had security for it on his home, and that he never had a conversation with W. E. Joor about any. indebtedness of the plaintiff against defendant George W. Nash. Hicks, an officer of and in authority to act for plaintiff in the matter, had commissioned Mr. Buce, plaintiff's ass't credit man and manager, to act for and represent plaintiff in the negotiations with defendants for the purpose of securing a satisfactory adjustment of the indebtedness due by defendant George H. Nash to plaintiff, and he represented plaintiff in all the negotiations had from the beginning to the close, including the execution of the deed and lease contract involved. He was in position to know and did know what had taken place in such negotiations, and was in better position to speak in reference thereto than any one else for or

in behalf of plaintiff. The statements testified to by the witnesses Joor and Owens as having been made by said Buce were made in the course of conversations they had with him in reference to matters of business which necessarily involved a statement in reference to the then status of the indebtedness due by defendant George H. Nash to plaintiff. Therefore we think that said statements, as testified to by said witnesses, were admissible as original testimony bearing upon a circumstance preceding and attending the execution of same, and certainly admissible as being a circumstance subsequent thereto. Loving v. Milliken, supra; Kirby v. National Loan & Investment Co., 22 Tex. Civ. App. 257, 263, 54 S. W. 1081, at page 1085, in which it, was held:

"It is not to be questioned that in doubtful cases subsequent relevant acts, declarations and admissions may be considered together with other evidence, if any, in determining the character of the deed and intent of the parties at the time of its execution."

[9] The admissions as testified to by said witnesses Joor and Owens were made by an agent of plaintiff corporation, who acted for plaintiff in the particular transaction involved, and in reference to which said admissions were made, who was in position to know and did know whether or not said admissions were true, and was in better position than any one else, on account of his connection with the transaction leading up to and including the execution of the deed and lease contract involved, to know what was the intention of the parties thereto in the execution of same. In other words, with reference to said transaction he was practically the "alter ego" of plaintiff corporation. Therefore we are of the opinion that, said admissions, as testified to, having been made under the circumstances as herein outlined, the testimony of the witnesses with reference thereto was admissible just as if same had been in reference to the admissions of an individual party litigant. Any other rule of evidence would be an invidious distinction in favor of a corporation as against an individual litigant. A corporation can only act by and through its officers and agents commissioned to represent it, and, when so acting, it is the corporation speaking by and through such agent, or officer, more so than it is the officer or agent speaking as an individual. In no other way could the rule of evidence applicable to proof of admissions be available against a corporation.

All propositions not specifically discussed herein have been carefully considered and practically disposed of by what has been said in reference to the propositions discussed, and we therefore overrule all of plaintiff's assignments of error and propositions based thereon.

Finding no reversible error in the case, we

are of the opinion that the judgment of the court below should be and the same is hereby affirmed.

Affirmed.